J-S53040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH DOWLING, | |
| Appellant | No. 662 WDA 2014 |

Appeal from the PCRA Order February 28, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0004012-1994

BEFORE: DONOHUE, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 09, 2014**

Appellant, Joseph Dowling, appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, without a hearing. We affirm.

On September 8, 1994, Appellant entered a negotiated guilty plea to the charges of rape, burglary, and aggravated assault related to his participation in an August 23, 1993 incident in which he unlawfully entered the victim's home and attacked her at gunpoint.[1] On September 15, 1994,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(1), 3502(a), and 2702(a), respectively.

the Commonwealth gave notice[2] of its intent to seek the applicable mandatory sentence pursuant to 42 Pa.C.S.A. § 9712, sentences for offenses committed with firearms.

On November 2, 1994, the court sentenced Appellant to a term of imprisonment of not less than ten nor more than twenty years on the rape charge. The court also imposed sentences of not less than ten nor more than twenty years on the burglary and aggravated assault charges, which terms were to run consecutive to the sentence on the rape charge and concurrent with each other. The court denied Appellant's post-sentence motion on November 18, 1994.[3]

On January 13, 1999, Appellant filed a *pro se* first PCRA petition. The PCRA court appointed counsel and, on April 11, 2000, the court issued notice of its intent to dismiss the petition without a hearing. *See* Pa.R.Crim.P. 907(1). The court dismissed the petition on July 13, 2000. Appellant did not appeal.

On February 24, 2014, Appellant filed a "Common Law Petition for Review," which we address as a *pro se* second PCRA petition raising, in

_____

[2] The document appears on the trial court's docket, but is not part of the certified record.

[3] Thereafter, Appellant filed a notice of appeal to a November 29, 1994 order. On January 19, 1995, the trial court notified Appellant that there was no order filed on November 29, 1994, and advised him to speak with an attorney regarding his options.

effect, an illegality of sentence claim.[4]   On February 28, 2014, the court

denied the petition.  This timely appeal followed.[5]

Appellant raises three questions for our review:

I.     Whether the trial judge committed an error of law by failing to adhere to the Appellants [sic] due process rights protected under the PA. and/or U.S. Constitutions?

II.     Whether the [trial] court had the statutory authority to impose a mandatory sentence in applying 42 Pa.C.S.[A.] §[]9714?

III.     Whether the [trial] court was required to invoke its inherent power as a matter of due process of law and vacate the illegal sentence?

(Appellant's Brief, at iii (emphasis omitted)).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.  This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  This Court may affirm a PCRA court's decision on any grounds if the record supports it.  We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  Further, where

_____

[4] Appellant titled this document as a Petition for Review.  However, the PCRA provides the only avenue for post-conviction collateral relief.  **See** 42 Pa.C.S.A. § 9542; **see also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (noting that appellant's "'motion to correct illegal sentence' is a petition for relief under the PCRA").

[5] The court did not order Appellant to file a Rule 1925(b) statement of errors on appeal, but filed a Rule 1925(a) opinion on May 9, 2014.  **See** Pa.R.A.P. 1925.

the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2013), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations omitted).

Before we are able to consider the merits of Appellant's claims on appeal, however, we must determine whether the petition was untimely, thus depriving us of jurisdiction to decide its merits.

It is well-settled that:

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. **The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.** The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted; emphasis added).

In the case *sub judice*, Appellant's judgment of sentence became final on December 2, 1994, at the expiration of the time for him to seek review of his judgment of sentence in this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleads and proves that a timing exception applied. ***See*** 42

- 4 -

Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on February 24, 2014, is untimely on its face unless he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. *See id.* When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. *See Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted). Also, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant utterly fails to assert any timeliness exception.[6] (*See* Appellant's Brief, at 1-6; Appellant's Reply Brief, at 1-5). Accordingly, we

_____

[6] To the extent that Appellant may be claiming that a challenge to an illegal sentence is never time-barred, we disagree. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always
*(Footnote Continued Next Page)*

conclude that the PCRA court properly denied Appellant's PCRA petition and we are without jurisdiction to consider its merits.[7]  **See Rykard**, **supra** at 1183; **Johnston**, **supra** at 1126.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2014

---

*(Footnote Continued)*

subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citation omitted).

[7] Although the PCRA court denied Appellant's petition on its merits, "[t]his Court may affirm a PCRA court's decision on any grounds if the record supports it." **Rykard**, **supra** at 1183.