J-S66038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VICTOR MANUEL MIRET, | : | |
| | : | |
| Appellant | : | No. 675 MDA 2014 |

Appeal from the Order entered on April 3, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0003786-2011

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED NOVEMBER 19, 2014**

Victor Manuel Miret ("Miret") appeals, *pro se*, from the Order denying his Petition for Writ of Error *Coram Nobis* (hereinafter referred to as "Petition for Relief").  We vacate the Order and remand for further proceedings.

On January 11, 2012, Miret pled guilty to retail theft,[1] at docket No. 3786 CR 2011 (hereinafter "3786 CR 2011"), graded as a third-degree felony.  Miret was indigent and represented by the Office of the Public Defender.  The trial court sentenced Miret on this conviction on April 25, 2012.  At the same sentencing hearing, Miret pled guilty to and was sentenced on four separate charges, including two additional counts of retail theft, listed at docket No. 4836 CR 2011 (hereinafter "4836 CR 2011").  Miret had numerous prior convictions of retail theft in York and Cumberland

---

[1] *See* 18 Pa.C.S.A. § 3929(a)(1).

Counties, and was serving sentences imposed in both of these counties at the time of his sentencing on 3786 CR 2011 and 4836 CR 2011.

At the sentencing hearing on April 25, 2012, the trial court imposed its sentence on the record (hereinafter referred to as "the Sentencing Order"). The language of the Sentencing Order is relevant to this appeal, providing as follows:

> THE COURT: On … 3786 CR 2011[,] on the charge of retail theft, we'll impose a sentence of not less than 15 months nor more than 30 months in a state correctional institut[ion]. The sentence is effective today['s] date. [The court also i]mpose[s] a fine of $50, the costs of prosecution, [and] direct[s] that [Miret] pay restitution in the amount of $599.99 to Sears.
>
> This sentence is to run consecutive to the sentences you are serving in Cumberland County of 7 months to 36 months and the York County sentence of 18 months to 36 months. This sentence will run consecutively to those sentences.
>
> On … 4836 CR 2011, we'll impose the same sentence at Count 1 and 2. They're to run concurrently with each other and concurrently to 3786 [CR 2011], [plus a] $25 fine[], [and] the costs [of prosecution] in each of those dockets.
>
> We'll give [Miret] credit from April 17th [un]till April 25th. We direct that [Miret] make restitution in the amount of $3,315 to Home Depot.
>
> At Count 3 and 4 [on 4836 CR 2011], we'll impose no further sentence, just the costs of prosecution and fines of $25 at each of those counts.
>
> The sentencing scheme is 15 to 30 [months in prison] on all these dockets[,] consecutively to the Cumberland County/York County sentences.

- 2 -

Sentencing Order, 4/25/12, at 11-12. We will hereinafter collectively refer to the concurrent sentences imposed at 3786 CR 2011 and 4836 CR 2011 as "the Challenged Sentences." Miret did not file a direct appeal.

Approximately two years later, Miret filed the Petition for Relief, *pro se*, arguing that he was entitled to a clarification and correction of the Sentencing Order because it was ambiguous, which he believed caused confusion on the part of the Department of Corrections regarding when the Challenged Sentences commenced.[2] By an Order entered on April 3, 2014, the trial court denied the Petition for Relief, finding no ambiguity in the Sentencing Order or any other error. Miret timely filed a *pro se* Notice of Appeal. In response, the trial court ordered Miret to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, after which Miret timely filed a Concise Statement.

On appeal, Miret presents the following issue for our review: "Did the lower court err in not correcting its [] [S]entencing Order, which, due to ambiguity, has left the Order open to interpretation and enforcement by an Agency without jurisdiction to modify the [Sentencing] Order?" Brief for Appellant at 4 (capitalization omitted).

Miret argues that there is a conflict in the Sentencing Order, in that the sentencing judge ordered that the Challenged Sentences shall run consecutively to the sentences Miret was then serving in York and

---

[2] As discussed below, Miret's Petition for Relief alleged, in the alternative, that the ambiguity resulted in an illegal sentence.

Cumberland Counties, but, in another part of the Sentencing Order, stated that the Challenged Sentences were effective as of the date of the sentencing hearing, April 25, 2012. **See id.** at 10-11.

Before reaching the merits of Miret's claim, we must analyze whether the trial court followed the proper procedure in denying Miret's Petition for Relief. Although the Petition for Relief largely sought a clarification/correction of the allegedly ambiguous Sentencing Order, Miret also alleged that his sentence is illegal. **See** Petition for Relief, 4/10/14, at ¶ 12 (wherein Miret asserts, *inter alia*, that "a sentence cannot legally begin on two [] different dates or times, which is presently the dilemma [Miret] faces and why the Department of Corrections has modified the effective date of his sentence."). A claim of an illegal sentence is cognizable under the Post Conviction Relief Act ("PCRA").[3] **See Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011). This Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Id.** (citation and ellipses omitted); **see also Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013) (pointing out that "[t]he PCRA … subsumes the remedies of *habeas corpus* and *coram nobis*."); 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same

---

[3] **See** 42 Pa.C.S.A. §§ 9541-9546.

purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.").

Accordingly, the trial court in the instant case should have treated Miret's Petition for Relief as a first petition filed under the PCRA. Moreover, it is of no moment to the applicability of the PCRA that Miret styled his Petition for Relief as a "Petition for Writ of Error *Coram Nobis*." **See Jackson**, 30 A.3d at 521 (holding that "[the fact t]hat [Appellant] has attempted to frame his petition as a 'motion to correct illegal sentence' does not change the applicability of the PCRA."); **see also Turner, supra**.

Importantly, the trial court in the instant case failed to appoint Miret, an indigent petitioner, counsel to assist him in this proceeding involving his first PCRA Petition.[4] Pennsylvania Rule of Criminal Procedure 904(C) provides, in pertinent part, that "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge **shall** appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added); **see also Commonwealth v. Padden**, 783 A.2d 299, 308 (Pa. Super. 2001) (stating that "[i]t is abundantly clear that a first-time *pro se* PCRA petitioner is entitled to the benefit of the assistance of counsel to help identify and properly present potentially meritorious issues for the trial court's consideration."); **Commonwealth v. Peterson**, 683

---

[4] We observe that Miret's PCRA Petition is facially untimely, as he filed it nearly two years after his judgment of sentence became final.

A.2d 908, 911 (Pa. Super. 1996) (stating that "[this rule] allows an indigent defendant the opportunity to secure the appointment of counsel to aid him in the completion of his first petition seeking post-conviction collateral relief, *regardless of the merits of his claim*." (emphasis added)).

As an indigent first-time PCRA petitioner, Miret is entitled to the appointment of counsel to represent him throughout the post-conviction collateral proceedings, including any appeal from the disposition of his first PCRA Petition. *See* Pa.R.Crim.P. 904(C), (F)(2). Accordingly, we must vacate the trial court's Order and remand for the appointment of PCRA counsel, or a *Grazier*[5] hearing if Miret wishes to proceed *pro se*.

Order vacated; case remanded for the appointment of PCRA counsel and/or further proceedings in accordance with this Memorandum; Superior Court jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2014

---

[5] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).