COMMONWEALTH of Pennsylvania, Appellee

v.

**Clyde JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 15, 2011.
Filed Oct. 13, 2011.

Clyde Jackson, appellant, pro se.

Michael W. Streily, Deputy District Attorney, and Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: ALLEN, LAZARUS, and OTT, JJ.

OPINION BY LAZARUS, J.:

Clyde Jackson (a/k/a Clyde McGriff) appeals from the October 26, 2010 order of the Court of Common Pleas of Allegheny County, dismissing his fifth petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On December 7, 1981, Jackson pled guilty to one count each of burglary,[2] criminal trespass,[3] theft by unlawful taking or disposition[4] and receiving stolen property.[5]  On January 6, 1982, the Honorable Robert E. Dauer sentenced Jackson to 20 years' probation.  Jackson did not file a direct appeal.

On June 3, 1988, Jackson appeared before Judge Dauer again for a probation violation hearing.  Judge Dauer revoked Jackson's term of probation and sentenced him to 2 to 20 years' incarceration for his 1981 convictions, to be served consecutively to any sentence Jackson was serving or awaiting to serve.[6]  Jackson filed a timely

---

1.  42 Pa.C.S.A. §§ 9541–9546.

2.  18 Pa.C.S.A. § 3502(a).

3.  18 Pa.C.S.A. § 3503(a)(1).

4.  18 Pa.C.S.A. § 3921(a).

5.  18 Pa.C.S.A. § 3925(a).

6.  At the time of the violation hearing, Jackson was serving a 15–month term of imprisonment imposed as a result of his 1987 conviction in the State of California for attempted burglary.  Additionally, at the time of sentence, Jackson was awaiting a parole violation hearing regarding an April 14, 1988 guilty plea for possession of a controlled substance and possession of drug paraphernalia, for which he was sentenced to one year's probation.

notice of appeal to this Court, which affirmed the judgment of sentence. Jackson filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on March 23, 1990.

Between 1989 and 2004, Jackson filed four PCRA petitions, all of which were denied. On May 20, 2010, Jackson filed a motion to correct illegal sentence, which the PCRA court treated as a PCRA petition.[7] Jackson argued that the 1988 sentence imposed for violation of his 1982 probation was illegal because the probation "did not specify ... the authority that shall conduct the supervision," in contravention of 42 Pa.C.S.A. § 9754(a). Appellant's Brief, 6/21/11, at 9.

On September 9, 2010, the PCRA court notified Jackson that the petition, Jackson's fifth, was untimely and that it intended to dismiss it for lack of jurisdiction. See Pa.R.Crim.P. 907. Jackson filed objections to the PCRA court's intent to dismiss. On October 26, 2010, after reviewing Jackson's objections and the applicable law, the PCRA court dismissed the petition.

Jackson filed a timely appeal, raising one issue for our review:

WHETHER THE [PCRA] COURT ERRED IN CONCLUDING THAT IT WAS WITHOUT AUTHORITY TO ENTERTAIN [JACKSON'S] MOTION TO CORRECT ILLEGAL SENTENCE?

Jackson concedes that he filed his petition years after his judgment of sentence became final, and that the PCRA court lacked statutory jurisdiction to consider his claim. See Appellant's Brief, at 8–9.

Nevertheless, Jackson contends that his claim involves a challenge to the legality of the 1988 sentence as a violation of black letter law, and that the PCRA court had authority to consider his claim under its inherent jurisdiction to correct patent errors in sentences. We disagree.

█ Whether a PCRA court has jurisdiction to correct allegedly illegal sentencing orders absent statutory jurisdiction under the PCRA is a question of law. See Commonwealth v. Holmes, 593 Pa. 601, 933 A.2d 57, 65 (2007) (Holmes II). "Accordingly, our scope of review is plenary and our standard of review is de novo." Id.

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. When an action is cognizable under the PCRA, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose[.]" 42 Pa.C.S.A. § 9542.

In order for a court to entertain a PCRA petition, a petitioner must comply with the PCRA filing deadline. See Commonwealth v. Robinson, 575 Pa. 500, 837 A.2d 1157, 1161 (2003). The time for filing a petition is set forth in 42 Pa.C.S.A. § 9545(b), which provides in relevant part:

(b) **Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes fi-

---

7. We note that Jackson filed his petition nearly 22 years after his 1988 probation violation hearing. The record does not state the expiration date of Jackson's sentence. Jackson avers that he was still serving his 2 to 20 year sentence at the time of the petition. Appellant's Motion, 5/20/2010, at ¶ 4. The Commonwealth does not dispute this fact. Therefore, we consider Jackson eligible for relief under 42 Pa.C.S.A. § 9543(a)(1). See 42 Pa.C.S.A. § 9543(a)(1)(i) (petitioner must be serving sentence at time relief is granted).

nal, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

> \*     \*     \*

42 Pa.C.S.A. § 9545(b).

■■■■ "[T]he time limitations pursuant to ... the PCRA are jurisdictional." *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 222 (1999). "[Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as

the statute permits." *Id.* "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa.Super.2008).

Although our Supreme Court has held that courts are without jurisdiction to consider a PCRA petition once the section 9545 filing deadline has passed, *see Fahy, supra*, it has also upheld the inherent authority of trial courts to correct patent mistakes in sentences despite the absence of statutory jurisdiction. *See Commonwealth v. Cole*, 437 Pa. 288, 263 A.2d 339, 341 (1970) (citing *Gagnon v. United States*, 193 U.S. 451, 456, 24 S.Ct. 510, 48 L.Ed. 745 (1904) (power to amend mistakes in record is inherent in courts of justice)). Inherent jurisdiction has been recognized in cases where the trial court lacked statutory authority to correct orders under 42 Pa.C.S.A. § 5505[8] and its predecessor statute.[9] *See id.* However, we have found no authority wherein the appellate courts of this Commonwealth have recognized a PCRA court's inherent jurisdiction to consider a claim filed after the expiration of the PCRA filing period.

---

**8.** Section 5505 provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa. C.S.A. § 5505.

**9.** In *Cole, supra*, a trial court entered an order granting the defendant's "motion for a new trial *and* arrest of judgment." *Id.* at 340 (emphasis in original). Three and one-half months later, the trial court, realizing the order was patently erroneous, amended the order to read "defendant's motion for new trial is granted; motion in arrest of judgment

is dismissed." *Id.* The Supreme Court upheld the trial court's modification under its inherent authority to correct patent errors in sentences, despite the absence of statutory jurisdiction under the Act of June 1, 1959 (P.L. 342, § 1, 12 P.S. § 1032) (repealed). The Act of 1959 provided that a court has authority to modify any order, for a period of 30 days subsequent to the date of entering the order, in any instance where the term of court shall terminate prior to the 30–day period, provided all parties are notified in advance of the proposed modification. The Act of 1959 was replaced in 1978 by 42 Pa.C.S.A. § 5505. *See* 42 Pa.C.S.A. § 5505 Official Comment.

Jackson relies on our Supreme Court's decision in *Holmes II, supra,* to support his claim that the PCRA court had jurisdiction to consider his petition. In *Holmes II,* the Court considered two companion cases, *Commonwealth v. Holmes,* 837 A.2d 501 (Pa.Super.2003) *(Holmes I)* and *Commonwealth v. Whitfield,* 833 A.2d 1152 (Pa.Super.2003) (unpublished memorandum), to determine whether a trial court has inherent jurisdiction to modify or rescind an illegal order absent statutory jurisdiction under 42 Pa.C.S.A. § 5505.

In *Holmes II,* the defendant had violated his parole, which subjects a parolee to serve the balance of the original sentence. The trial court, however, sentenced him as if he had violated his probation,[10] imposing a new sentence of 3 to 6 years' incarceration to run concurrently with any other current sentence for unrelated crimes. *Id.* at 59. Realizing this error, the trial court *sua sponte* vacated the sentence more than 30 days after its imposition.

In *Whitfield,* the defendant pled guilty to theft and was sentenced to an 11½ to 23 month term of imprisonment, for which no probation was imposed. *Id.* at 62. The defendant was subsequently convicted on a separate charge. At the sentencing hearing, the trial court erroneously entered an order revoking the defendant's "probation" on the original sentence, even though the probation period had ended. *Id.* at 63. The defendant filed a motion to vacate the sentence, arguing it was illegal because no probation had been imposed for those charges. The court denied the motion and the defendant appealed to this Court.[11]

While the appeal was pending, the trial court entered an order vacating the sentence after it determined the sentence was illegal.[12]

In upholding the trial courts' sentence modifications in *Holmes I* and *Whitfield,* the Supreme Court recognized that there is a "limited class of cases amenable to the exercise by a trial court of the inherent power to correct patent errors despite the absence of traditional jurisdiction." *Holmes II, supra* at 65. The Court reasoned that this inherent jurisdiction would apply in the absence of jurisdiction under section 5505 because the statute "was never intended to eliminate the inherent power of a court to correct obvious and patent mistakes in its orders, judgments and decrees." *Id.* (quoting *Cole, supra* at 341). Because both Holmes' and Whitfield's cases "involve[d] clear errors in the imposition of sentences that were incompatible with the record ... or black letter law," the Court held that the trial court possessed inherent jurisdiction to amend the sentences despite the absence of statutory jurisdiction under section 5505. *Id.* at 67. Nevertheless, the Court cautioned:

> This exception to the general rule of Section 5505 cannot expand to swallow the rule. In applying the exception to the cases at bar, we note that it is the obviousness of the illegality, rather than the illegality itself, that triggers the court's inherent power. Not all illegal sentences will be amenable to correction as patent errors. Moreover, the inherent power to correct errors does not extend to reconsideration of a court's

---

**10.** *See Holmes II, supra* at 59 n. 5 (discussing probation and parole).

**11.** Whitfield's appeal was treated as a PCRA petition. *Holmes II, supra* at 63 n. 14.

**12.** At the sentencing hearing, the trial court erroneously believed that Whitfield was on

probation. *Holmes II, supra* at 63. It later obtained the notes of testimony from trial, which made clear that Whitfield's probation had ended. Once it realized the error, it corrected Whitfield's sentence, notwithstanding his appeal. Whitfield subsequently withdrew his appeal, having received the relief sought.

exercise of sentencing discretion. A court may not vacate a sentencing order merely because it later considers a sentence too harsh or too lenient. *Id.* at 66–67.

■ Jackson's claim fails for two reasons. First, unlike the defendants in *Holmes I* and *Whitfield,* there was no error in Jackson's sentence, let alone a patent and obvious illegality. Jackson alleges that his 1988 sentence was illegal because the trial court did not specify the authority that shall conduct the supervision in imposing his 1982 probation. However, the 1982 order of probation specifically indicates that Jackson was to be supervised by the County Probation Office. Thus, it follows that there was no illegality in the 1988 judgment of sentence imposed for violating the 1982 probation order. Because there was no illegality in Jackson's sentencing, inherent jurisdiction does not apply. *See Holmes II, supra* at 66–67.

Second, even if there was an obvious illegality in Jackson's sentence, the PCRA court would not have had jurisdiction to consider Jackson's claim. *Holmes II* recognized the limited authority of a trial court to correct patent errors in sentences absent statutory jurisdiction under section 5505; it did not establish an alternate remedy for collateral relief that sidesteps the jurisdictional requirements of the PCRA.

Jackson's "motion to correct illegal sentence" is a petition for relief under the PCRA. Jackson has petitioned the PCRA court, nearly 20 years after his 1988 judgment of sentence became final, to reconsider the order because of alleged illegalities. "We have repeatedly held that ... any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Johnson,* 803 A.2d 1291, 1293 (Pa.Super.2002). That Jackson has attempted to frame his petition as a "motion to correct illegal sentence" does not change the applicability of the PCRA. *See Commonwealth v. Guthrie,* 749 A.2d 502, 503 (Pa.Super.2000) (appellant's "motion to correct illegal sentence" must be treated as PCRA petition).

We base this conclusion on the plain language of the PCRA, which states that "[the PCRA] provides for an action by which ... persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542; *see Commonwealth v. Hockenberry,* 455 Pa.Super. 626, 689 A.2d 283, 288 (1997) (legality of sentence is cognizable issue under PCRA). Further, the Act provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose...." 42 Pa.C.S.A. § 9542; *see Commonwealth v. Ahlborn,* 548 Pa. 544, 699 A.2d 718, 721 (1997) (petition filed under the PCRA cannot be treated as a request for relief under the common law); *Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638, 640–41 (1998) (statutory remedy not available where claim is cognizable under PCRA). Therefore, Jackson's "motion to correct illegal sentence" is a PCRA petition and cannot be considered under any other common law remedy.

Because Jackson's claim is cognizable under the PCRA, Jackson must comply with the time requirements of section 9545. *See Perrin, supra.* Jackson's judgment of sentence became final, for PCRA purposes, on June 21, 1990, at the conclusion of the 90–day period for seeking appellate review in the United States Supreme Court. *See Fahy, supra* at 218. Jackson did not file the instant petition until May 20, 2010, nearly 20 years later, and he has not plead any of the three statutory exceptions to section 9545. Therefore, Jackson's petition was patently untimely, and the PCRA court did not have jurisdiction

under section 9545 to consider his claim. *See Commonwealth v. Jones,* 932 A.2d 179, 182 (Pa.Super.2007) (where petitioner files untimely PCRA petition raising legality of sentence claim, jurisdictional limits of PCRA render claim incapable of review); *see also Fahy, supra* at 223 (claims challenging legality of sentence are subject to review within PCRA, but must first satisfy PCRA's time limits).

Further, the PCRA court did not have inherent authority to consider Jackson's petition absent statutory jurisdiction under section 9545. Jackson contends that in recognizing the "inherent" jurisdiction of a trial court to correct obvious errors in its sentences, our Supreme Court established an open-ended right that could be invoked by any trial court, including a PCRA court, at any time. However, the cases Jackson cites upholding inherent jurisdiction only consider this right in the context of jurisdiction to amend orders pursuant to section 5505. Jurisdiction under section 9545 was not at issue because the sentences were corrected within one year of the judgment of sentence becoming final.[13]

Unlike *Holmes I* and *Whitfield, supra,* Jackson filed his petition years after the PCRA filing deadline had expired. Thus, a PCRA court would have to overcome two jurisdictional hurdles to correct his sentence: section 5505 and section 9545. We have not found any decision in which our appellate courts have upheld, or in which a PCRA court has invoked, inherent jurisdiction absent statutory authority under 9545. Nor do we believe that a PCRA court could invoke its inherent jurisdiction after this deadline.

Inherent jurisdiction has been upheld as an exception to section 5505 because section 5505 was never intended to create a strict jurisdictional deadline for correcting orders where there is an obvious illegality in the sentence. *See Holmes II, supra* at 65. This intent is evident from the plain language of the statute. Section 5505 confers on the trial court an affirmative right to modify orders within 30 days after its entry if there is no appeal, and does not expressly limit this authority after the 30–day period has expired. Because section 5505 does not directly prohibit a court from correcting an order after the deadline, our courts have recognized a limited equitable exception to the statute that permits a trial court to correct obvious illegalities in its sentences that are not discovered within the 30–day statutory period.

█ Section 9545 of the PCRA is not amenable to such equitable exceptions. Section 9545 expressly states that a PCRA petition "shall be filed within one year of the date the judgment becomes final" unless one of the statutory exceptions is pled and proven. 42 Pa.C.S.A. § 9545. Our courts have strictly interpreted this requirement as creating a jurisdictional deadline. *See Fahy, supra* at 222 ("court has no authority to extend filing periods except as [section 9545] permits"); *Commonwealth v. McKeever,* 947 A.2d 782, 784–85 (Pa.Super.2008) (court is not permitted to "disregard, alter, or create equitable exceptions to the timeliness requirement [of section 9545]"). Further, our courts have interpreted jurisdiction under section 9545 differently than section 5505. Unlike section 5505, section 9545 does not merely grant a court authority to consider a PCRA petition for a limited period of

**13.** Whitfield filed his appeal 7 months after the sentence order, thus the PCRA court had jurisdiction to consider his claim under section 9545. *See Holmes II, supra* at 63. Holmes was sentenced on May 21, 2001, and did not appeal. The court corrected the sentencing error *sua sponte* less than one year later on April 9, 2002. *See Holmes II, supra* at 59. Thus, the section 9545 time bar was not in effect.

time; it acts to divest a court of jurisdiction once the filing period has passed. *See Perrin, supra* (courts are without jurisdiction to consider the merits of untimely PCRA petition). Therefore, when the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious.

Our holding is consistent with the policy underlying the PCRA. The legislature amended the PCRA in 1995 to establish a strict one-year filing deadline for PCRA petitions. The statute, as amended, incorporates three exceptions to the one-year filing deadline. The legislature never intended, nor have our courts permitted, any equitable exceptions beyond those stated in the statute itself. *See McKeever, supra.* Although the one-year deadline is strictly applied, it nevertheless provides sufficient opportunity to discover errors in sentences. If an error exists in a sentence that is clearly erroneous such that a trial court could modify the order absent statutory authority under section 5505, the petitioner is afforded adequate time under section 9545 to discover the error during the course of the direct appeals process or within one year of the judgment of sentence becoming final. Beyond this time-period, courts are without jurisdiction to offer any form of relief. *See Perrin, supra.*

Order affirmed.