J-S14036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTONIO MOLINA, | : | |
| | : | |
| Appellant | : | No. 2347 EDA 2014 |

Appeal from the PCRA Order entered on August 1, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-1005971-2000

BEFORE:  DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MARCH 30, 2015**

Antonio Molina ("Molina"), *pro se*, appeals from the Order dismissing his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In January 1993, Molina, the leader of a small drug ring in Philadelphia, hired a "hit man" to murder the victim, whom Molina believed had robbed and shot him a few months earlier.  One of the individuals who had sold drugs for Molina, Mariano De Los Santos ("De Los Santos"), testified on behalf of the Commonwealth at Molina's trial.  Specifically, De Los Santos testified to overhearing Molina's negotiations with a hit man concerning the planned murder.  Additionally, Ramon Guaba ("Guaba"), a Commonwealth witness, testified to overhearing a similar conversation.  The victim was shot to death on January 21, 1993, and Molina paid the hit man $5,000 after confirming that the victim was dead.

In September 2002, the matter proceeded to a non-jury trial, at the close of which the trial court found Molina guilty of first-degree murder and criminal conspiracy. The trial court sentenced Molina to life in prison. This Court affirmed the judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Molina*, 847 A.2d 759 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 864 A.2d 529 (Pa. 2004).

In the following years, Molina filed two *pro se* PCRA Petitions, both of which were dismissed, and the dismissals were affirmed on appeal. *See Commonwealth v. Molina*, 932 A.2d 259 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 937 A.2d 444 (Pa. 2007); *Commonwealth v. Molina*, 60 A.3d 847 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 775 (Pa. 2013).

On August 16, 2013, Molina filed the instant *pro se* PCRA Petition, his third. The PCRA court subsequently gave Molina Notice of its intention to dismiss his Petition without a hearing, pursuant to Pa.R.Crim.P. 907. The PCRA court opined that Molina was not entitled to collateral relief because his PCRA Petition was untimely and he did not plead or prove any of the three exceptions to the PCRA's jurisdictional time bar.[1]

Molina filed a Response to the Rule 907 Notice (hereinafter "Rule 907 Response"). Therein, he asserted that although his PCRA Petition is facially untimely, he had discovered new evidence that met the PCRA's "after-

---

[1] *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

discovered facts" timeliness exception.[2]  Specifically, Molina attached as an exhibit to the Rule 907 Response a document that he had obtained from the U.S. Citizenship and Immigration Services ("USCIS"), dated December 8, 2003, memorializing statements made by De Los Santos to a USCIS employee.[3]  The relevant portion of this two-page document (hereinafter "the Statement") provides as follows:

> [De Los] Santos was a witness for Pennsylvania in a murder. When asked about the murder[, De Los] Santos said that he knew nothing about the murder[,] but told the police what they wanted him to tell them.  [De Los Santos] again said he did not know anything about the murder first hand[,] but [] Guaba did tell him what to tell the police.  [] Guaba gave the story to [De Los Santos] ….

Rule 907 Response, 7/17/14, Exhibit A at p. 1 (unnumbered, capitalization omitted).  Notably, Molina's name is not mentioned anywhere in the Statement, nor is the name of the murder victim.  Moreover, the Statement does not identify who prepared it or conducted the interview of De Los Santos.

On August 1, 2014, the PCRA court entered an Order dismissing Molina's PCRA Petition as untimely.  On the same date, the PCRA court

---

[2] **See** 42 Pa.C.S.A. § 9545(b)(1)(ii) (providing that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that[] … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]").

[3] De Los Santos was interviewed by the USCIS because he was being deported to his home country, the Dominican Republic.  Molina had obtained a copy of this document from the USCIS in July 2014, in response to a Freedom of Information Act request.

issued a Memorandum rejecting Molina's claim of after-discovered facts concerning the Statement, finding as follows:

> [De Los Santos's] alleged false statements concern the witnesses who testified at trial[,] and who also allegedly gave false testimony that [Molina] was involved in the murder …. There are no affidavits from anyone recanting testimony or coming forth with new evidence. This convoluted argument is not a viable proposition for overcoming the issue of timeliness[,] and has been raised by [Molina] in previous [PCRA P]etitions[.]

PCRA Court Memorandum, 8/1/14, at 4 n.5. Molina timely filed a Notice of Appeal.

On appeal, Molina presents the following issue for our review: "Did the [PCRA] court abuse its discretion by denying … the relief as set forth in the [PCRA] Petition when the Petition … clearly spelled out the wrongful conviction and the actual innocence of [Molina?]" Brief for Appellant at 4 (emphasis and capitalization omitted).

Molina devotes the majority of his Argument section to his allegation that the PCRA court erred in treating his Petition for relief (claiming actual innocence) as a PCRA petition, rather than a *habeas corpus* petition. **See id.** at 7-8, 12-19. This claim lacks merit, as Molina can gain relief for his claim under the PCRA. This Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) (citation and ellipses omitted); **see also Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013) (pointing out that the PCRA subsumes the remedy of *habeas corpus* where the PCRA provides a remedy for the claim);

- 4 -

42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]").

Molina argues in the alternative that even if the PCRA court properly treated his Petition as falling under the PCRA, the court erred in failing to find that he had met the after-discovered facts exception set forth in section 9545(b)(1)(ii), based upon the Statement. Brief for Appellant at 19.

In reviewing a challenge to an order dismissing a PCRA petition, our standard of review is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Gandy**, 38 A.3d 899, 902 (Pa. Super. 2012) (citations omitted).

Molina does not dispute that his third PCRA Petition is facially untimely. Though Molina did not raise any of the exceptions to the PCRA's time bar in his third PCRA Petition, he invoked the after-discovered facts exception in his Rule 907 Response. Accordingly, Molina's claim on appeal regarding this exception is properly preserved for our review. **See Commonwealth v. Collins**, 957 A.2d 237, 247-48 (Pa. 2008) (holding that the PCRA petitioner had properly preserved his claim where he raised it before the PCRA court).

Initially, we observe that, in connection with Molina's first PCRA Petition, he raised a claim asserting after-discovered facts in the form of an Affidavit from De Los Santos's former cellmate, Alfredo Colon ("Colon"), maintaining that, prior to Molina's trial, De Los Santos had stated to Colon that he planned to testify falsely concerning Molina's involvement in the murder. On appeal from the dismissal of Molina's first PCRA Petition, this Court rejected Molina's claim, offering the following reasoning, which is also pertinent to the instant appeal:

In general, a petitioner may be eligible for post-conviction relief if he pleads and proves by a preponderance of the evidence that the conviction resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). In order to obtain relief on the basis of after-discovered evidence, the petitioner must show that the evidence could not have been discovered before or at trial through the exercise of reasonable diligence; was exculpatory and not merely cumulative or corroborative; would not be used only to impeach the credibility of a witness; and was of such a nature and character that it would have compelled a different result. **Commonwealth v. D'Amato**, 579 Pa. 490, 519, 856 A.2d 806, 823 (2004).

In order to have been capable of compelling a different result, evidence must first be admissible. Both Colon's affidavit and his proposed testimony regarding De Los Santos's out-of-court statement constitute hearsay evidence[,] in that each "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pa.R.E. 801(c). Such hearsay testimony is inadmissible. Pa.R.E. 802. "This type of out-of-court statement is traditionally excluded because the statements lack the conventional indicia of reliability." **Commonwealth v. Williams**, 537 Pa. 1, 26 n.8, 640 A.2d 1251, 1263 n.8 (1994).

- 6 -

Further, [Molina] does not argue that the statement fits within any of the exceptions to the hearsay rule as delineated in Pa.R.E. 803. While the alleged statement of De Los Santos implicates him in perjury and arguably could be considered a declaration against penal interest, "the necessary circumstances that would provide clear assurance that such a declaration is trustworthy and reliable are not present." *See, e.g., Williams, supra*[,] at 26 n.10, 640 A.2d at 1264 n.10.

Moreover, as the PCRA court, stated:

[E]ven if [the evidence was] admissible, [] Colon's testimony would not have altered the verdict. As this court pointed out in its October 29, 2002 Opinion:

Although the credibility of the Commonwealth's witnesses, [] De Los Santos and [] Guaba, were attacked by [Molina] both at trial and in his post-sentence [M]otion, this court found the testimony of these witnesses worthy of credibility.

* * *

(PCRA Court Opinion[, 4/20/06,] at 4).

*Molina*, 932 A.2d 259 (unpublished memorandum at 9-11).

Likewise, in the instant case, the Statement is hearsay that does not fall under any of the exceptions to the rule against hearsay, in that it was prepared by an unidentified USCIS employee, concerning out-of-court statements allegedly made by De Los Santos. Moreover, the Statement is not relevant. Pennsylvania Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E. 401. Rule of Evidence 402 provides that "[e]vidence that is not relevant is not

admissible." Pa.R.E. 402. The Statement is irrelevant because it neither identifies the name of the murder victim, nor mentions Molina's name. Finally, it is clear that the Statement does not constitute "exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). As mentioned *supra*, the trial court credited the trial testimony of De Los Santos, and he has not submitted an affidavit recanting his testimony.

Accordingly, we conclude that the PCRA court neither abused its discretion nor committed an error of law by dismissing Molina's third PCRA Petition as untimely, and by determining that Molina failed to establish the after-discovered facts exception. Therefore, we affirm the Order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2015