J-S16011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY TYRONE TONEY | |
| Appellant | No. 1283 MDA 2014 |

Appeal from the Order July 14, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001437-2009
CP-36-CR-0001721-2008
CP-36-CR-0001780-2009
CP-36-CR-0002423-2009
CP-36-CR-0003183-2009
CP-36-CR-0004413-2007
CP-36-CR-0004417-2007

BEFORE: PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 07, 2015**

Appellant, Jeffrey Tyrone Toney, appeals *pro se* from the order entered July 14, 2014, in the Court of Common Pleas of Lancaster County, which denied as untimely Toney's petition filed pursuant to the Post Conviction Relief Act,[1] styled as an Application for Relief. We affirm.

On March 1, 2010, Toney pled guilty to one count of persons not to possess firearms, fleeing or attempting to elude, accident involving death or personal injury, and recklessly endangering another person, two counts of

---

[1] 42 Pa.C.S.A. § 9541, *et seq*.

false identification to law enforcement, and three counts of delivery of a controlled substance. The trial court sentenced Toney pursuant to a negotiated plea agreement to six to 15 years' imprisonment. The court determined that Toney was ineligible for the Recidivism Risk Reduction Incentive (RRRI) program because he was sentenced pursuant to a mandatory sentence. This Court affirmed Toney's judgment of sentence on appeal. *See Commonwealth v. Toney*, 405 MDA 2010 (Pa. Super., filed 9/14/10) (unpublished memorandum). Toney did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On September 2, 2011, Toney filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended petition. Following a hearing, the PCRA court denied Toney's petition. On appeal, this Court affirmed the order denying Toney's PCRA petition, and the Supreme Court denied allocatur. *See Commonwealth v. Toney*, 52 MDA 2013 (Pa. Super., filed 8/21/13) (unpublished memorandum), *appeal denied*, 87 A.3d 815 (Pa. 2014) (Table).

On July 11, 2014, Toney filed an Application for Relief, which the PCRA court properly treated as a second PCRA petition. The Application challenged, among other things, the legality of the sentences imposed pursuant to the negotiated plea agreement. The PCRA court denied Toney's petition on July 12, 2014. This timely *pro se* appeal followed.

Toney raises the following issues for our review.

1) Did the lower court commit error when it denied Appellant's Application for relief that raised challenges to the legality of his sentence?

2) Can a global negotiated plea agreement serve to circumvent Pennsylvania's mandatory minimum sentencing guidelines or the statutory language and legislative intent of sentencing statutes pursuant to Pennsylvania Statutory Construction Act?

3) Is there a violation of Fourteenth Amendment Due Process for lack of proper sentencing procedures and lack of statutory authorization for the sentences imposed?

Appellant's Brief at 5.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013). In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. *See* 42 Pa.C.S.A. § 9543(a)(3). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

Before we may address the merits of a PCRA petition, we must first consider the petition's timeliness because it implicates the jurisdiction of both this Court and the PCRA court. *Commonwealth v. Williams*, 35 A.3d 44, 52 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa.

2012). We may raise issues concerning our appellate jurisdiction *sua sponte*. ***Commonwealth v. Patterson***, 940 A.2d 493, 497 (Pa. Super. 2007). A court is without jurisdiction if the PCRA petition is untimely. ***See id***. The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This accords finality to collateral review. ***See id***. "A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." ***Commonwealth v. Harris***, 972 A.2d 1196, 1199-1200 (Pa. Super. 2009).

Section 9545 provides, in relevant part, as follows.

> **(b) Time for filing petition.—**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not

- 4 -

have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b)(1)-(2).

Toney was sentenced to a term of six to 15 years' imprisonment on March 1, 2010. As noted, this Court affirmed Appellant's judgment of sentence on September 14, 2010, and Toney did not file a petition for allowance of appeal with our Supreme Court. Thus, Toney's judgment of sentence became final on October 14, 2010, 30 days after this Court affirmed his judgment of sentence and when the time to file a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 1113.

Therefore, in order to be timely, Toney's PCRA petition had to be filed by October 14, 2011. As noted, Appellant filed his second *pro se* PCRA petition on July 11, 2014—nearly three years past the deadline. Accordingly, Toney's petition is untimely, and he must plead and prove one of the three enumerated statutory exceptions to the time-bar.

Toney does not argue the applicability of the § 9545(b)(1) statutory exceptions. We further note that Toney's claim that his sentence was illegal does not circumvent the PCRA time bar. ***See Commonwealth v. Jackson***, 30 A.3d 516, 521-522 (Pa. Super. 2011), ***appeal denied***, 47 A.3d 845 (Pa. 2012) (untimely PCRA petition raising legality of sentence claim does not surmount jurisdictional limits of PCRA). Accordingly, we find no error in the PCRA court's dismissal of Toney's petition as untimely filed.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2015