J-S60016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CAREY ABNEY | |
| Appellant | No. 80 EDA 2016 |

Appeal from the Order November 24, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0804281-1995

BEFORE:  SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 23, 2016**

Carey Abney appeals, *pro se*, from the order entered November 24, 2015, in the Court of Common Pleas of Philadelphia County, denying his *pro se* "Motion to Correct Clerical Errors in the Court[']s Sentencing Order." (hereinafter "sentencing order motion").  Abney contends the trial judge "deprive[d him] of rights and protections guaranteed him by the U.S. Constitution's 1[st], 8[th], 14[th] Amendments and Pennsylvania's Constitution's Article 1 §§ 11, 20 and Article 5 § 9 when [the trial judge] denied [Abney] [a]ccess [t]o [t]he [c]ourt, by denying [Abney] a hearing on his motion[.]"  Abney's Brief at iv.  Based upon the following, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court has set forth the procedural history of this case, as follows:

On September 9, 1996, following a non-jury trial before the Honorable Judge Juanita Kidd Stout, defendant Carey Abney was convicted of one count of murder of the first degree (18 Pa.C.S. § 2502(a)), and one count of possessing an instrument of crime ("PIC") (18 Pa.C.S. § 907(a)). [Abney] was immediately sentenced to life in prison. *See* 18 Pa.C.S. § 1102(a)(1).

[Abney] filed a timely notice of appeal to the Superior Court. The trial court filed its 1925(a) Opinion on May 9, 1997. On October 17, 1997, the Superior Court affirmed [Abney's] judgment of sentence. [Abney] did not seek allocator, and his judgment of sentence became final on November 1[7], 1997. *See* 42 Pa.C.S. § 9545(b)(1) & (3). On October 22, 1998, [Abney] filed a *pro se* Motion for Post-Conviction Collateral Relief under the Post-Conviction Relief Act ("PCRA Petition"). Judge Stout having retired from the bench, the case was re-assigned to the Honorable John J. Poserina. [Abney] proceeded *pro se*, with James Bruno, Esquire, as standby counsel. On March 9, 2001, the PCRA Court issued an order dismissing [Abney's] PCRA Petition without a hearing. [Abney] appealed the dismissal of his petition, and the Superior Court affirmed the PCRA Court's dismissal on August 22, 2002.

On March 24, 2008, [Abney] filed his second *pro se* Motion for Post–Conviction Collateral Relief ("Second Petition"). On January 15, 2009, Judge Poserina issued an order dismissing [Abney's] Second Petition without a hearing. [Abney] again appealed the dismissal of his petition, and the Superior Court affirmed the PCRA Court's dismissal on December 2, 2009. On August 17, 2011, [Abney] filed his third *pro se* Motion for Post-Conviction Collateral Relief ("Third Petition"). Judge Poserina having retired from the bench, this case was re-assigned to the undersigned trial judge. On December 27, 2012, the Court formally dismissed [Abney's] Third Petition without a hearing. [Abney] again appealed the dismissal of his petition, and the Superior Court dismissed [Abney's] appeal on June 27, 2013, after [Abney] failed to file an appellate brief.

Trial Court Opinion, 12/31/2015, at 1–2.

On November 13, 2015, Abney filed the underlying *pro se* sentencing order motion.  Abney stated therein:

> [On June 13, 2013, Abney] received the attached sentencing order from the court administrator.  The attached "order" is incomplete and void of the following information thus making the said order lawful[:]
>
> a. Correct date of the Sentencing
>
> b. Name place [Abney] is to be confined
>
> c. State when the Sentence i[s] to begin
>
> d. State how Sentence is to be served
>
> e. Trial Judge's Signature
>
> f. Date-Stamp on Order and Clerk[']s Signature
>
> g. Statute Authorizing Imposition of Sentence
>
> h. Court's Seal.

Abney's Sentencing Order Motion, 11/13/2015, at 1.  The "attached" order was a copy of a document printed on June 13, 2013, which is a computer-generated report that reflects Abney's sentence.

The Honorable Glenn B. Bronson denied the motion without a hearing on November 24, 2015.  Judge Bronson reasoned:

> Trial courts have the inherent authority to correct patent errors in orders and judgments even after the expiration of the statutory 30 day time limit for modification of orders set forth in 42 Pa.C. S.A. § 5505. *See, e.g., Commonwealth v. Holmes*, 933 A.2d 57, 64–67 (Pa. 2007).  Here, however, there are no apparent errors in the sentencing orders in [Abney's] case.  As was then the standard procedure, the sentencing orders were handwritten on the original Bills of Information filed in this matter, copies of which are attached to this Opinion as Exhibit A.

> There are no clerical errors on the orders. Judge Stout clearly and succinctly detailed the sentence imposed, correctly dated the orders, and signed them. Further, the Court's sentencing order was correctly recorded on a Form DC-300B, which was signed by the court clerk. The Form DC-300B is attached to this Opinion as Exhibit B.
>
> [Abney] was sentenced on September 9, 1996, long before the adoption and use of the Commonwealth of Pennsylvania Case Management System ("CPCMS"). The "order" that [Abney] attached to his motion, while apparently generated by CPCMS, does contain numerous errors.[1] It is not, however, the sentencing order actually entered by the Court, but an incorrect report of the sentence, printed decades after defendant was sentenced. As there are no clerical errors in [Abney's] actual sentencing orders, the Court properly denied [Abney's] motion. No relief is due.
>
> _____
>
> 1  For instance, the date of [Abney's] sentencing is incorrectly listed as June 13, 2013, which is also the date on which the order was printed.  Further, the order incorrectly names the Hon. John W. Herron as judge.
>
> _____

Trial Court Opinion, 12/31/2015, at 3.  This appeal followed.[1]

Abney argues the trial judge should have conducted a hearing to determine why the June 13, 2013 document he was provided with by the court was incomplete.  Abney's Brief at 1-2.  We conclude no relief is due.

To the extent that Abney requests the trial court to exercise its inherent power to correct clerical errors, we adopt Judge Bronson's sound discussion, as set forth above, as dispositive of the issue.

_____

[1] The trial court did not order Abney to file a Rule 1925 statement.

Furthermore, if this Court were to construe Abney's motion as a PCRA petition,[2] we would find that it is patently untimely[3] and that no statutory exception has been pled and proven. Under a PCRA analysis, the petition is time-barred and, consequently, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious. **Commonwealth v. Jackson**, 30 A.3d 516 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012).

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2016

_____

[2] We note Abney's motion refers to a "lawful" order and his appellate brief requests the following relief: "1. Remand this matter to the lower court for lawful sentencing under 18 Pa.C.S. § 1103(1) or alternatively; 2. Order [Abney's] immediate release …." Abney's Brief, at 7.

[3] "In the instant case, Abney's judgment of sentence became final once this Court affirmed the judgment of sentence on October 17, 1997, and the period for filing a direct appeal to the Supreme Court of Pennsylvania expired on November 17, 1997." **Commonwealth v. Abney**, 990 A.2d 34 (Pa. Super. 2009) (unpublished memorandum, at 4) (footnotes omitted), *appeal denied*, 998 A.2d 958 (Pa. Super. 2010). "Therefore, in order to comply with the filing requirements of the PCRA, Abney's [subsequent] PCRA petition had to be filed by November 17, 1998." **Id**