J-S56022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK CHRISTOPHER ROKITA, JR. | |
| Appellant | No. 1095 EDA 2017 |

Appeal from the PCRA Order Entered March 8, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at Nos: CP-46-CR-0000308-2013
CP-46-CR-0000309-2013
CP-46-CR-0000743-2013
CP-46-CR-0000749-2013
CP-46-CR-0007549-2011

BEFORE: BOWES, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 09, 2017**

Appellant, Mark Christopher Rokita, Jr., appeals *pro se* from the March 8, 2017 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

On January 8, 2014, Appellant pled guilty to multiple counts of possession with intent to deliver a controlled substance ("PWID"), 35 P.S. § 780-113(a)(30), and one count of unlawful possession of a firearm, 18 Pa.C.S.A. § 6105(a)(1). The trial court imposed an aggregate 9½ to 20 years

_____

[*] Retired Senior Judge assigned to the Superior Court.

of incarceration immediately after Appellant entered his plea. Appellant did not file a direct appeal.

On December 24, 2014, Appellant filed his timely first PCRA petition. After counsel was appointed, the PCRA court denied relief on May 1, 2015. Appellant filed the instant *pro se* petition, his second, on November 10, 2016. In it, he alleged his sentence is illegal because the trial court failed to determine Appellant's eligibility for a Recidivism Risk Reduction Incentive ("RRRI") minimum sentence.[1] The PCRA court dismissed Appellant's petition as untimely.

Any petition under the PCRA must be filed within one year of the finality of the judgment of sentence. 42 Pa.C.S.A. § 9545(b). The timeliness requirement of § 9545(b)(1) is jurisdictional; we cannot address the merits of an untimely petition. ***Commonwealth v. Abu Jamal***, 941 A.2d 1263, 1267-68 (Pa. 2008), ***cert. denied***, 555 U.S. 916 (2008). Because he did not file a direct appeal, Appellant's judgment of sentence became final on February 7, 2014. Appellant's instant petition was facially untimely because he filed it on November 10, 2016. Furthermore, Appellant failed to plead or prove the applicability of any timeliness exception set forth in § 9545(b)(1)(i-iii). Thus, his petition did not meet the PCRA's timeliness requirements.

---

[1] ***See*** 42 Pa.C.S.A. § 9756(b.1).

Appellant argues that the PCRA does not apply because his petition, titled a "Motion to Correct Illegal Sentence *Nunc Pro Tunc* and/or Writ of *Habeas Corpus*," was not subsumed under the PCRA. Appellant is incorrect. In his *pro se* petition, Appellant asserted the illegality of his sentence. He also alleged that plea counsel and prior PCRA counsel were ineffective for failing to address this issue. The legality of the sentence and ineffective assistance of counsel are cognizable claims under the PCRA. 42 Pa.C.S.A. §§ 9542, 9543(a)(2)(ii, vii); **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011), **appeal denied**, 47 A.3d 845 (Pa. 2012). The PCRA court was correct in treating Appellant's November 10, 2016 filing as a PCRA petition and dismissing it as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017