J-S68013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AKANINYENE EFIONG AKAN | : | |
| | : | |
| Appellant | : | No. 71 WDA 2018 |

Appeal from the Order December 15, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001844-2011

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED JANUARY 11, 2019**

Appellant, Akaninyene Efiong Akan, appeals from an order entered on December 15, 2017, that deferred ruling on Appellant's second motion requesting that the Honorable Donna Jo McDaniel recuse herself from this matter.[1]  After review, we quash the appeal.[2]

The criminal acts that led to Appellant's convictions and judgment of sentence are set forth in a prior memorandum, and we shall not restate them here.  ***See Commonwealth v. Akan***, 91 A.3d 1295, 1284 WDA 2012 (Pa.

---

[1] Appellant filed a prior motion requesting Judge McDaniel's recusal that was denied on July 25, 2017.

[2] On October 17, 2018, Appellant filed a motion for special relief concerning the service of the Commonwealth's brief.  In light of our disposition, we DENY Appellant's motion.

---

\*   Former Justice specially assigned to the Superior Court.

Super. filed November 25, 2013) (unpublished memorandum). In summary, Appellant was convicted of burglary, two counts of rape by forcible compulsion, four counts of involuntary deviate sexual intercourse ("IDSI") by forcible compulsion, sexual assault, indecent assault, terroristic threats, unlawful restraint, and simple assault.[3] On June 26, 2012, the trial court sentenced Appellant to an aggregate term of thirty-two to eighty years of incarceration.

Appellant filed a timely notice of appeal, and this Court affirmed Appellant's judgment of sentence on November 25, 2013. **Akan**, 1284 WDA 2012 (unpublished memorandum at *16). Our Supreme Court denied Appellant's petition for allowance of appeal on May 30, 2014. **Commonwealth v. Akan**, 93 A.3d 461 (Pa. 2014).

On October 17, 2014, Appellant filed his first petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. The PCRA court denied Appellant's petition, this Court affirmed the order, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal. **Commonwealth v. Akan**, 141 A.3d 583, 523 WDA 2015 (Pa. Super. filed February 1, 2016) (unpublished memorandum), *appeal denied*, 157 A.3d 478 (Pa. 2016).

---

[3] 18 Pa.C.S. §§ 3502(c); 3121(a)(1); 3123(a)(1); 3124.1; 3126(a)(1); 2706(a)(1); 2902(a)(1); and 2701(a)(3), respectively.

On October 19, 2016, Appellant filed his second PCRA petition *pro se*. On January 4, 2017, while his second petition was pending before the PCRA court, Appellant filed a *pro se* "motion for admission to the illegality of the sentence administered on 6/26/12."[4] On June 8, 2017, the PCRA court denied Appellant's second PCRA petition, and Appellant filed a timely appeal at Superior Court docket number 928 WDA 2017. On September 6, 2017, while the appeal at 928 WDA 2017 was pending, the PCRA court denied Appellant's "motion for admission to the illegality of the sentence administered on 6/26/12," and Appellant filed a notice of appeal at Superior Court docket number 1405 WDA 2017.[5]

On May 25, 2018, our Court disposed of Appellant's appeal from the order denying his "motion for admission to the illegality of the sentence administered on 6/26/2012." ***Commonwealth v. Akan***, 192 A.3d 274, 1405 WDA 2017 (Pa. Super. filed May 25, 2018) (unpublished memorandum). We concluded that because an appeal from the denial of Appellant's second PCRA petition was pending, the order denying Appellant's "motion for admission to

---

[4] This Court noted that Appellant's motion challenging the legality of his sentence was a PCRA petition. ***Akan***, 1405 WDA 2017 (unpublished memorandum at *1 n.1) (citing ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that where a remedy is available under the PCRA, any petition filed after the judgment of sentence becomes final should be treated as a PCRA petition)). A challenge to the legality of one's sentence is cognizable under the PCRA. ***Id.***

[5] Appellant also filed an appeal that was docketed at 1404 WDA 2017. This appeal was quashed on November 21, 2017.

the illegality of the sentence administered on 6/26/2012" was not a final order.

*Id.* Therefore, we vacated the order in Appellant's case and remanded the matter to the PCRA court. *Id.*

The PCRA court ultimately denied Appellant's second PCRA petition, and this Court affirmed the order denying PCRA relief. *Commonwealth v. Akan*, 193 A.3d 1131, 928 WDA 2017 (Pa. Super. filed June 29, 2018) (unpublished memorandum). While the appeal at 1405 WDA 2017 remained pending, Appellant filed his second motion for the recusal of Judge McDaniel on December 14, 2017, which is the motion underlying the instant appeal. On December 15, 2017, the PCRA court entered an order deferring a ruling on this motion because appeals in this matter are "currently pending in the Superior Court at Docket No. **1404 WDA 2017 and 1405 WDA 2017**." Order, 12/14/17 (emphasis in original).[6]

_____

[6] The record reveals that at the time the PCRA court denied Appellant's second motion for recusal on December 14, 2017, the appeal at 1404 WDA 2017 had already been quashed. Order, 11/21/17. However, the PCRA court's statement regarding the appeal at 1404 WDA 2017 is of no moment because the appeals at 1405 WDA 2017 and 928 WDA 2017 remained pending before this Court. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000) (stating that when a PCRA appeal is pending, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review). Thus, "as matter of jurisdiction, the PCRA court cannot entertain new PCRA claims or new PCRA petition when prior petition is still under review on appeal." *Commonwealth v. Ali*, 10 A.3d 282, 320 n.33 (Pa. 2010) (citing *Lark*).

Accordingly, the December 15, 2017 order deferring a ruling on Appellant's second motion for recusal did not dispose of any claims or any parties. We conclude that the December 15, 2017 order was not a final order, a collateral order, or an interlocutory order appealable as of right. Pursuant to the Pennsylvania Rules of Appellate Procedure, this is an interlocutory order that is not appealable pursuant to statute, rule, or case law, and we are constrained to quash the appeal. *See* Pa.R.A.P. 311, Pa.R.A.P. 312, Pa.R.A.P. 313, and Pa.R.A.P. 341 (setting forth the requirements of an appealable order).

Appeal quashed. Motion for special relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2019