J-S21018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| DANIEL SCOTT | : | |
| Appellant | : | No. 3184 EDA 2024 |

Appeal from the PCRA Order Entered October 30, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1113362-1991

BEFORE: KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED SEPTEMBER 8, 2025**

Appellant, Daniel Scott, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. In 1991, Appellant shot and killed the victim. Following a bench trial, the court convicted Appellant of third-degree murder[2] and related offenses. On August 11, 1993, the court sentenced Appellant to a mandatory term of life

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 2502(c).

imprisonment, pursuant to 42 Pa.C.S.A. § 9715.[3]  Appellant did not file a notice of appeal.

Appellant subsequently litigated multiple filings seeking collateral relief. Appellant filed the current *pro se* PCRA petition on May 19, 2023.  In it, Appellant argued that the court imposed an illegal sentence of life imprisonment for the third-degree murder conviction.  Nevertheless, Appellant did not attempt to invoke an exception to the PCRA's timeliness provisions, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

On July 8, 2024, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition.  The notice explained that Appellant's petition was untimely on its face, and Appellant had not invoked a timeliness exception.  Appellant filed a *pro se* response to the Rule 907 notice on August 23, 2024, in which Appellant attempted to argue the applicability of all three timeliness exceptions.

On September 27, 2024, the court again issued Rule 907 notice. Appellant did not file another response.  By order and opinion issued on

_____

[3] "Notwithstanding the provisions of section 9712 (relating to sentences for offenses committed with firearms), 9713 (relating to sentences for offenses committed on public transportation) or 9714 (relating to sentences for second and subsequent offenses), any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary."  42 Pa.C.S.A. § 9715(a).

October 30, 2024, the court dismissed Appellant's PCRA petition as untimely. Appellant timely filed a *pro se* notice of appeal on November 20, 2024. The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant did not file one.

Preliminarily, "[t]he PCRA timeliness requirements are jurisdictional in nature." ***Commonwealth v. Mickeals***, 335 A.3d 13, 20 (Pa.Super. 2025). A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must also file the petition within the required statutory window. 42 Pa.C.S.A. § 9545(b)(1)-(2).

Here, Appellant's judgment of sentence became final on or about September 10, 1993, thirty (30) days after Appellant's sentencing hearing. ***See*** Pa.R.A.P. 903(a) (providing general rule that notice of appeal shall be filed within thirty days after entry of order from which appeal is taken). Appellant filed the current petition on May 19, 2023, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Although Appellant attempted to

plead and prove exceptions to the statutory timeliness requirements in the PCRA court, Appellant has not included these arguments in his appellate brief. Therefore, these arguments are waived.[4]  ***See Commonwealth v. Taylor***, 277 A.3d 577, 590 (Pa.Super. 2022) (explaining that failure to develop adequate argument in appellate brief may result in waiver of claim under Pa.R.A.P. 2119).  Under these circumstances, Appellant's current PCRA petition remains time barred.  Accordingly, we affirm.

Order affirmed.

_____

[4] Rather than arguing about the applicability of the timeliness exceptions, Appellant claims that "the court erroneously imposed an illegal penalty for third-degree murder … pursuant to 42 Pa.C.S. § 9715[.]"  (Appellant's Brief at 6).  Appellant then characterizes the purportedly illegal sentence as a "patent error on the face of the record for triggering the lower court's inherent authority and power [to] correct such a patent error based on extrinsic fraud[.]"  (***Id.*** at 8).  Thus, Appellant "maintains that the time restrictions of the [PCRA] may not prohibit consideration of this void judgment allegation under guise of want of jurisdiction[.]"  (***Id.*** at 13).  Considering these arguments, we reiterate that "when the one-year filing deadline of section 9545 has expired, and no statutory exception has been pled or proven, a PCRA court cannot invoke inherent jurisdiction to correct orders, judgments and decrees, even if the error is patent and obvious."  ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa.Super. 2011), *appeal denied*, 616 Pa. 634, 47 A.3d 845 (2012).  ***See also Commonwealth v. McGee***, ____ Pa. ____, 302 A.3d 659 (2023) (although appellant argued that trial court possessed inherent authority to correct patent and obvious error in sentencing order, Supreme Court determined that appellant actually sought to challenge legality of sentence, which is subject to time limitations of PCRA).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/8/2025