J-S50020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT WILSON DENT | |
| Appellant | No. 2148 MDA 2015 |

Appeal from the PCRA Order dated November 9, 2015
In the Court of Common Pleas of Clinton County
Criminal Division at No: CP-18-CR-0000156-2009

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                     **FILED JULY 22, 2016**

Appellant Robert Wilson Dent *pro se* appeals from the November 6, 2015 order of the Court of Common Pleas of Clinton County, which dismissed as untimely his "Motion to Correct and Vacate Judgment for Want of Jurisdiction," which the court treated as a petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.  For the reasons set forth below, we affirm.

The facts and procedural history underlying this case are undisputed. Briefly, Appellant pled guilty to one count of aggravated assault, a felony of the first degree, for which he was sentenced on June 8, 2009 to a term of 6½ to 20 years' imprisonment.  Appellant's judgment of sentence became

_____

[*] Former Justice specially assigned to the Superior Court.

final on July 8, 2009, as he did not file a direct appeal. On February 10, 2012, we affirmed the denial Appellant's first PCRA petition. *Commonwealth v. Dent*, 46 A.3d 813 (Pa. Super. filed on Feb. 12, 2012) (unpublished memorandum), *appeal denied*, 55 A.3d 813 (Pa. 2012). On October 22, 2014, a panel of this Court affirmed the denial of Appellant's second PCRA petition, which he had titled as a "Petition for Habeas Corpus Relief." *Commonwealth v. Dent*, 108 A.3d 121 (Pa. Super. filed Oct. 22, 2014) (unpublished memorandum), *appeal denied*, 117 A.3d 295 (Pa. 2015). We reasoned that Appellant's PCRA petition was patently untimely and that Appellant failed to plead and prove the applicability of any exception to the PCRA's one-year time-bar. *Dent*, No. 813 MDA 2014, at 6-7.

On October 9, 2015, Appellant *pro se* filed the instant PCRA petition, his third, entitled "Motion to Correct and Vacate Judgment for Want of Jurisdiction." On November 9, 2015, following the issuance of a Pa.R.Crim.P. 907 notice, the PCRA court dismissed as untimely Appellant's third PCRA petition. Appellant timely appealed to this Court.

On appeal, Appellant raises two issues for our review:

[1.] Whether Appellant's plea of guilty on the one count of aggravated assault was in error in that the [trial court] did not have jurisdiction of the matter?

[2.] Whether the trial court abused its discretion in dismissing the motion to correct and vacate the judgment for want of jurisdiction where Appellant is initially and principally challenging the legality of his confinement?

Appellant's Brief at 3.

- 2 -

At the outset, we note that the PCRA court properly treated Appellant's October 9, 2015 filing as a PCRA petition. The plain language of the statute provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." 42 Pa.C.S.A. § 9542. Cognizant of the stated purpose of the PCRA, we have held that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011); *see also Commonwealth v. Eller*, 807 A.2d 838, 842 (Pa. 2002) (noting that if relief is available under the PCRA, the PCRA is the exclusive means of obtaining the relief sought). Accordingly, the PCRA court did not err in treating as a PCRA petition Appellant's October 9, 2015 "Motion to Correct and Vacate Judgment for Want of Jurisdiction."

We must now determine whether the PCRA court properly dismissed Appellant's petition as untimely. For such an inquiry, our standard of review is whether the PCRA court's findings are free of legal error and supported by the record. *Commonwealth v. Martin*, 5 A.3d 177, 182 (Pa. 2010) (citation omitted).

A court cannot entertain a PCRA petition unless the petitioner has first satisfied the applicable filing deadline. Section 9545(b) of the PCRA specifies the following requirements for a PCRA petition to be considered timely:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). The limitation established by Section 9545 is jurisdictional in nature and "implicat[es] a court's very power to adjudicate a controversy." *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (citing *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999)). The time for filing can be extended only by a petitioner satisfying one of the exceptions listed in Section 9545(b)(1)(i)-(iii). *Id*. Accordingly, courts are without power to "fashion *ad hoc* equitable exceptions to the PCRA time-bar."

*Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

As stated above, Appellant's judgment of sentence became final on July 8, 2009. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant therefore had until July 8, 2010 to file for collateral relief. Because Appellant's instant PCRA petition, his third, was not filed until October 9, 2015, it is facially untimely.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant has failed to allege, let alone prove, any exceptions to the one-year time bar. Accordingly, the PCRA court did not err in dismissing as untimely Appellant's instant, his third, PCRA petition for want of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016

- 5 -