J-S39005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK QUINTIN GALLOWAY | |
| Appellant | No. 1350 MDA 2015 |

Appeal from the PCRA Order Entered June 24, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0003033-2007

BEFORE:  STABILE, PLATT [*], and STRASSBURGER[*], JJ.

MEMORANDUM BY STABILE, J.:                **FILED JULY 25, 2016**

Mark Quinn Galloway ("Appellant") *pro se* appeals from the June 24, 2015 order of the Court of Common Pleas of Lancaster County ("PCRA court"), which denied his request for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9451-46.  We affirm.

While the present appeal does not require an exhaustive review of the facts, some context is necessary.  On September 8, 2008, Appellant pled guilty to four counts of criminal attempt homicide, five counts of aggravated assault, and two violations of the Uniform Firearms Act.[1]  The trial court sentenced Appellant on December 22, 2008 to an aggregate term of forty-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901, 2702(a)(1),(4), and 6101-27, respectively.

one and one-half years to one hundred years' imprisonment. We affirmed the judgment of sentence on January 6, 2010. *See Commonwealth v. Galloway*, 991 A.2d 356 (Pa. Super. 2010) (unpublished memorandum). Because Appellant did not seek an appeal to our Supreme Court, his sentence became final on February 5, 2010.

On June 15, 2010, Appellant filed a timely PCRA petition, which the PCRA court denied on August 29, 2011. This Court affirmed the PCRA court's decision on July 19, 2012. *See Commonwealth v. Galloway*, 55 A.3d 141 (Pa. Super. 2012) (unpublished memorandum).

On April 20, 2015, Appellant filed what purported to be a Petition for Modification of Order. Treating the filing as a second PCRA petition, the PCRA court dismissed Appellant's petition as untimely. Appellant then appealed to this Court.

Preliminarily, we note that the PCRA court properly reclassified Appellant's April 2015 filing as a PCRA petition. The plain language of the statute provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." 42 Pa.C.S.A. § 9542. Cognizant of the stated purpose of the PCRA, we have held that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011); *see also Commonwealth v. Eller*, 807 A.2d 838, 842 (Pa. 2002) (noting that if relief is available under the PCRA, the PCRA is the exclusive means of

obtaining the relief sought). Accordingly, the PCRA court did not err in treating Appellant's April 20, 2015 Petition for Modification as a PCRA petition.

We must now determine whether the PCRA court properly dismissed Appellant's petition as untimely. For such an inquiry, our standard of review is whether the PCRA court's findings are free of legal error and supported by the record. *Commonwealth v. Martin*, 5 A.3d 177, 182 (Pa. 2010) (citation omitted).

A court cannot entertain a PCRA petition unless the petitioner has first satisfied the applicable filing deadline. Section 9545(b) of the PCRA specifies the following requirements for a PCRA petition to be considered timely:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

>(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

>(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

>(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). The limitation established by Section 9545 is jurisdictional in nature and "implicat[es] a court's very power to adjudicate a controversy." **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014) (citing **Commonwealth v. Fahy**, 737 A.2d 214 (Pa. 1999)). The time for filing can be extended only by a petitioner satisfying one of the exceptions listed in Section 9545(b)(1)(i)-(iii). **Id**. Accordingly, courts are without power to "fashion *ad hoc* equitable exceptions to the PCRA time-bar." **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

As stated above, Appellant's judgment of sentence became final on February 5, 2010. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant therefore had until February 5, 2011 to file for collateral relief. Because Appellant's instant PCRA petition was not filed until April 20, 2015, it is facially untimely.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant has failed to allege, let alone prove, any exceptions to the one-year time bar. Accordingly, the

PCRA court did not err in dismissing as untimely Appellant's instant, his second, PCRA petition for want of jurisdiction.

Order affirmed.

Judge Strassburger joins this memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2016