J-S16018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| ALBERT THEODORE GREELEY, III | : | |
| Appellant | : | No. 775 WDA 2016 |

Appeal from the Order Entered April 26, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000133-2009

BEFORE: MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.: **FILED MAY 16, 2017**

Appellant, Albert Theodore Greeley, III, appeals from the order entered April 26, 2016, denying as untimely his serial petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

A prior Superior Court panel has described the procedural history and facts of this case as follows:

> On November 18, 2010, the Fayette County Court of Common Pleas sentenced Appellant to 18-36 months' imprisonment at docket number CP-26-CR-0001145-2010, with credit for time served on June 30, 2009. On April 7, 2011, at docket number CP-26-0001395-2010, the sentencing court imposed a sentence of 6 to 12 months' imprisonment. That court awarded credit for time served from August 16, 2010 through November 18, 2010.
> On October 6, 2011, a jury convicted Appellant of possession of a controlled substance with the intent to deliver ("PWID"),

---

[*] Retired Senior Judge assigned to the Superior Court.

intentional possession of a controlled substance, and driving without a license at docket CP-26-CR-0000133-2009. On October 31, 2011, the trial court sentenced Appellant to 7 to 20 years' incarceration for PWID and imposed no further penalty for the remaining convictions. The trial court ordered that Appellant receive credit for the time he spent in custody on October 30, 2008 and credit for time served from May 16, 2010 to August 16, 2010. The trial court ordered that the sentence run concurrent to the sentences imposed by the Fayette County Court of Common Pleas at docket numbers CP-26-CR-0001395-2010 and CP-26-CR-0001145-2010, and by the Allegheny County Court of Common Pleas at CP-02-CR-0004930-2009 and CP-02-CR-0015573-2009.

Appellant did not file a post-sentence motion or a direct appeal. On December 22, 2011, Appellant filed a pro se petition pursuant to the [PCRA]. Appointed counsel filed a petition for leave to appeal nunc pro tunc, which the trial court granted. Appellant filed an appeal, and this court affirmed the judgment of sentence on February 21, 2013. *Commonwealth v. Greeley*, No. 410 WDA 2012 (Pa.Super. filed Feb. 21, 2013) (unpublished memorandum).

On April 23, 2013, Appellant filed a *pro se* PCRA petition, which he amended on May 29, 2013. Counsel filed an amended petition on October 16, 2013. The trial court conducted a hearing. On April 24, 2014, it denied the petition. On May 21, 2014, Appellant filed a notice of appeal and this Court affirmed on February 11, 2015. *Commonwealth v. Greeley*, No. 835 WDA 2014 (Pa. Super. filed Feb 11, 2015) (unpublished memorandum)[, *appeal denied* 118 A.3d 1108 (Pa. 2015)]. On March 12, 2015, Appellant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania. [His petition for allocator was denied on July 15, 2015].

On August 7, 2014, while his appeal of the order denying his first PCRA petition was pending in this Court, Appellant filed a motion seeking clarification of sentence. On August 21, 2014, the trial court denied this motion, finding clarification was not needed and it could not award credit for time spent while serving another sentence. Appellant filed a notice of appeal on September 22, 2014.

*Commonwealth v. Greeley*, 133 A.3d 67, 1544 WDA 2014, **1-3 (Pa.

Super. filed Sept. 9, 2015) (unpublished memorandum), *allocator denied*

Feb. 8, 2016. The Superior Court panel did not review the merits of Appellant's petition. Because his first PCRA petition was pending in this Court, the trial court lacked jurisdiction to address Appellant's motion for clarification. *Id.* at *6 (citing Pa.R.A.P. 1701(a) (trial court may no longer proceed further in a matter once appeal is taken)).

Appellant *pro se* filed a petition for writ of habeas corpus seeking clarification of his sentence on April 22, 2016.[1] The court denied Appellant's petition as untimely on April 26, 2016. Thereafter, Appellant timely filed a notice of appeal on May 24, 2016. Appellant timely filed a court-ordered 1925(b) statement on July 5, 2016. The court issued a responsive opinion.

On appeal, Appellant raises the following issues:

1. Was a writ of habeas ad subjiciendum the proper motion in light of the facts of the instant case?

2. Did the [PCRA] court improperly fail to clarify its sentencing order pursuant to 42 Pa.C.S. § 9760?

_____

[1] The record reflects that Appellant *pro se* filed a petition for writ of habeas corpus seeking clarification of his sentence in December 2015. Appellant's December 2015 petition was improperly filed because he still had a petition pending on appeal and, further, because Appellant was still represented by counsel. *See Commonwealth v. Jette*, 23 A.3d 1032, 1036 (Pa. 2011) (discussing this Court's long-standing policy that precludes hybrid representation) (citing *Commonwealth v. Reid*, 642 A.2d 453, 462 (Pa. 1994) (noting that there is no constitutional right to hybrid representation and *pro se* briefs filed by appellants in criminal cases while represented will not be considered)). The record does not reveal a disposition for this petition. Subsequently, counsel was permitted to withdraw in April 2016.

Appellant's Br. at 1.[2]

Instantly, we note that Appellant's claim implicates the legality of his sentence.[3] The PCRA provides the sole action by which persons serving illegal sentences may obtain collateral relief and encompasses all other common law remedies, including habeas corpus. 42 Pa.C.S. § 9542; **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013). Thus, even though Appellant purports to seek habeas corpus relief, we address his petition within the PCRA framework.

Our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions,

---

[2] Appellant's *pro se* brief lacks proper pagination. **See** Pa.R.A.P. 2173.

[3] In his petition, Appellant contends that the court erred in failing to credit his sentence for time served for a period of time before he was sentenced in this case. The sentencing court ordered this sentence to run concurrently with those he was already serving. Relying on 42 Pa.C.S. § 9737, Appellant claims that he should be credited with time served on other sentences before this one was imposed.

must be filed within one year of the date on which the judgment of sentence becomes final. *Id*. There are three exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's petition is patently untimely.[4] In order to reach the merits of his issues, he must plead and prove one of the exceptions to the time bar. *Commonwealth v. Jackson*, 30 A.3d 516, 522–23 (Pa. Super. 2011). Appellant has failed to do so. Accordingly, the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed.

_____

[4] Appellant's judgment of sentence became final on November 30, 2011, at the expiration of the thirty-day period for seeking direct review. *See* 42 Pa.C.S. § 9545(b)(3). The instant PCRA petition was filed on April 22, 2016, more than three years after the judgment became final.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017