J-S71027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRUCE MURRAY | |
| Appellant | No. 588 EDA 2016 |

Appeal from the PCRA Order Entered February 3, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1111091-1982

BEFORE:  PANELLA, STABILE, and PLATT,* JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 17, 2018**

Appellant Bruce Murray, *pro se*, appeals from the February 3, 2016, order entered in the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed as untimely his fourth request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

Briefly, on June 24, 1983, a jury found Appellant guilty of second-degree murder, robbery conspiracy and possession of instruments of crime.  On April 23, 1984, the trial court sentenced Appellant to life imprisonment for second-degree murder, and lesser, but consecutive, terms of incarceration for the remaining convictions.  Appellant's judgment of sentence became final on

_____

* Retired Senior Judge assigned to the Superior Court.

December 1, 1985.[1]  On April 10, 2015, Appellant filed the instant, his fourth,

PCRA petition.[2]  Following the PCRA court's issuance of a Pa.R.Crim.P. 907

notice of its intent to dismiss the petition without a hearing, the PCRA court

denied Appellant PCRA relief on February 3, 2016.  Appellant timely appealed

to this Court.

On appeal,[3] Appellant presents three issues for our review, reproduced

here verbatim:

> [I.] Whether, Judge Savitt refusing to Take Oath Of Office, VOIDS ANY ACY DONE, ACCORDING TO LAW 42 Pa.C.S. § 3151?
>
> [II.] Did the Judge properly dismis action, knowing timeliness/defects in filing was corrected in the Civil Division?  Noll v. Carlson, 809 F.2d 1446 (1987) See: also Heines v. Kerner, _____ (  ).  Pleadings are to be construed liberally and held to less stringent standards?

---

[1] We affirmed his judgment of sentence on November 1, 1985.  Appellant, however, filed an untimely petition for allowance of appeal, which our Supreme Court denied on November 26, 1986.  Accordingly, his judgment of sentence became final on December 1, 1985.

[2] Although the petition was characterized as a *habeas corpus* petition, the PCRA court treated it properly as a PCRA petition.  The plain language of the statute provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose."  42 Pa.C.S.A. § 9542.  Cognizant of the stated purpose of the PCRA, we have held that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011); ***see also Commonwealth v. Eller***, 807 A.2d 838, 842 (Pa. 2002) (noting that if relief is available under the PCRA, the PCRA is the exclusive means of obtaining the relief sought).

[3] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error."  ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

[III.] Whether a MISCARRIAGE OF JUSTICE HAS BEEN DONE TO APPELLANT/GOVERNMENTAL INTERFERENCE BY THE PROSECUTOR IN PROCEEDINGS?

Appellant's Brief at vi (sic).

As a threshold matter, we must determine whether the court erred in dismissing as untimely Appellant's PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no

authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, as stated earlier, the record reflects Appellant's judgment of sentence became final on December 1, 1985. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from December 1, 1985, to file his PCRA petition, the current filing is facially untimely given it was filed on April 10, 2015, nearly three decades later.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant has failed to allege, let alone prove, any exceptions to the one-year time bar. Accordingly, the PCRA court did not err in dismissing as untimely Appellant's instant, his fourth, PCRA petition for want of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/17/18</u>

- 4 -