J-S42018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                PENNSYLVANIA
:
v.                               :
:
:
:
TYRONE A. PECK, JR.              :
:
Appellant              :    No. 1808 MDA 2017

Appeal from the PCRA Order Entered November 8, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003391-2005

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:           **FILED AUGUST 17, 2018**

Tyrone Peck, Jr. appeals from the order entered on November 8, 2017, denying his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On November 14, 2005, Peck pled guilty to third-degree murder and firearms not to be carried without a license.[1] He did not file a post-sentence motion or a Notice of Appeal to this Court.

Peck filed several PCRA petitions that were all denied. On November 1, 2017, Peck filed the PCRA petition giving rise to this appeal. On November 8, 2017, the trial court dismissed the petition as untimely. This timely appeal followed.

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c) and 6106, respectively.

On appeal, Peck raises two issues:

I.    Whether the trial court abused it[s] discretion by not stating on the record the reasons for the sentence imposed[?]

II.   Whether the trial court abused it[s] discretion by imposing an excessive sentence out[side] the guideline range[?]

Peck's Br. at 4.

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014). Before we address the merits of Peck's claims, we must first address the timeliness of his petition. *See Commonwealth v. Jackson*, 30 A.3d 516, 519 (Pa.Super. 2011).

A defendant must present all claims cognizable under the PCRA within one year of the date the judgment of sentence becomes final, unless a statutory exception to the one-year time bar applies. 42 Pa.C.S.A. § 9545(b). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). A PCRA petitioner filing after the one-year deadline must plead and prove at least one of the three limited time-bar exceptions:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution

or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner must raise the exception within sixty days of the date on which he or she could have first raised it. 42 Pa.C.S.A. § 9545(b)(2). Unless the petitioner establishes that a PCRA petition was timely or qualified for at least one time-bar exception, the PCRA court lacks jurisdiction to entertain it. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding PCRA court lacked jurisdiction to address merits of untimely PCRA petition where defendant did not satisfy any time-bar exception).

Peck's sentence became final on December 14, 2005, when his thirty days to appeal to this Court expired. *See* Pa.R.A.P. 903(a). He thus had until December 14, 2006, to file a timely PCRA petition. Peck filed the instant PCRA petition on November 1, 2017, almost 11 years after the one-year deadline. It was therefore untimely, and the PCRA court lacked jurisdiction unless Peck pleaded and proved that at least one of the exceptions applied.

Peck did not allege below nor does he allege on appeal that one of the time–bar exceptions applies here. As such, we find no error by the trial court in denying his petition as untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/17/18