J-S70042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                  :             PENNSYLVANIA
              Appellee       :
                                    :
                v.                 :
                                    :
ERIC D. VERNON                :
                                    :
             Appellant      :         No. 170 EDA 2018

Appeal from the PCRA Order December 7, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0002467-2010,
CP-48-CR-0002781-2009

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY GANTMAN, P.J.:         **FILED DECEMBER 19, 2018**

Appellant, Eric D. Vernon, appeals from the order entered in the Northampton County Court of Common Pleas, which denied his third petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On November 4, 2010, Appellant entered an open guilty plea at #2781-2009 to endangering the welfare of children and invasion of privacy, and at #2467-2010 to five counts of possession of child pornography.  The court sentenced Appellant on April 14, 2011, to 59 to 126 months' imprisonment; the court also deemed Appellant a sexually violent predator and required Appellant to register for life under Megan's Law III.  Appellant timely filed a post-sentence motion, which the court denied on April 28, 2011.  Appellant did not file a direct appeal.

On April 30, 2012, Appellant timely filed *pro se* his first PCRA petition.

The PCRA court appointed counsel on May 9, 2012, and issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907, on July 19, 2012. The PCRA court denied relief on August 20, 2012. This Court affirmed the order on October 28, 2013. *See Commonwealth v. Vernon*, 87 A.3d 894 (Pa.Super. 2013) (unpublished memorandum). On June 10, 2016, Appellant filed *pro se* his second PCRA petition. On July 26, 2016, Appellant filed *pro se* an "Affidavit of Consent," which stated he gave his attorney permission to withdraw the second PCRA petition. The PCRA court dismissed Appellant's second petition on August 3, 2016.

On August 3, 2017, Appellant filed *pro se* his third PCRA petition, styled as a "Motion to Modify Sentence," which asserted relief due under *Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017), *cert denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018). The PCRA court appointed counsel on August 8, 2017, who filed an amended PCRA petition on October 24, 2017. On November 13, 2017, the PCRA court issued Rule 907 notice; Appellant responded on November 17, 2017. The PCRA court denied relief on December 7, 2017. On January 5, 2018, Appellant timely filed a notice of appeal. The PCRA court on January 12, 2018, ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on February 2, 2018.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition if the petition raises issues cognizable

under the PCRA. **See Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011), *appeal denied*, 616 Pa. 634, 47 A.3d 845 (2012); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the time-bar allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant styled his current petition as a Motion to Modify Sentence and challenged the constitutionality of his sex offender registration, which is cognizable under the PCRA. Thus, the PCRA court properly treated Appellant's filing as a PCRA petition. **See** 42 Pa.C.S.A. § 9543(a)(2)(i); **Jackson, supra**. Appellant's judgment of sentence became final on Tuesday, May 31, 2011, upon expiration of the time to file a direct appeal with this Court. **See** Pa.R.A.P. 903(a). Appellant filed the current petition for collateral relief on August 3, 2017, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Further, **Muniz** does not satisfy the newly-recognized

- 3 -

constitutional-right exception to the PCRA time-bar. ***See Commonwealth v. Murphy***, 180 A.3d 402 (Pa.Super. 2018), *appeal denied*, ___ Pa. ___, ___ A.3d ___ (2018) (stating petitioner cannot rely on ***Muniz*** to meet timeliness exception under Section 9545(b) unless and until Supreme Court allows). Therefore, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. ***See Zeigler, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/18