J-S20013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM HUDSON, | : | |
| | : | |
| Appellant | : | No. 971 WDA 2018 |

Appeal from the PCRA Order Entered June 6, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003728-2006

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 13, 2019**

William Hudson ("Hudson") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In 2006, Hudson was charged with one count each of rape, corruption of minors, incest, involuntary deviate sexual intercourse, and endangering the welfare of children, as well as three counts each of indecent sexual assault and aggravated indecent assault.[2]  On January 15, 2008, a jury found Hudson guilty of corruption of minors.  The trial court granted judgment of acquittal as to one count each of indecent assault and aggravated indecent assault. The jury was unable to reach a consensus on the remaining charges.  The

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **See** 18 Pa.C.S.A. §§ 3121, 6301, 4302, 3123, 4304, 3126, 3125.

remaining charges were withdrawn. On April 17, 2009, Hudson pled guilty to incest, in exchange for a sentence of 5 to 10 years in prison and a 10-year Megan's Law III[3] registration requirement. Hudson received no further penalty on the corruption of minors conviction. Hudson did not file any post-sentence motions or a direct appeal.

In 2012, Hudson's 10-year Megan's Law III registration period was supplanted by the Sexual Offender Registration and Notification Act ("SORNA"),[4] which required Hudson to become a lifetime registrant. On May 24, 2015, Hudson filed the instant *pro se* Petition,[5] which was subsequently amended by counsel on November 8, 2017, seeking relief from the application of SORNA in lieu of his sentence under Megan's Law III. The PCRA court dismissed Hudson's Petition as being untimely filed. Hudson thereafter filed a timely Notice of Appeal and Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Hudson raises the following question for our review: "Whether [Hudson] is entitled to post-conviction relief—the striking of SORNA

---

[3] **See** 42 Pa.C.S.A. §§ 9795.1 (expired).

[4] **See** 42 Pa.C.S.A. §§ 9799.10-9799.41.

[5] Hudson filed a Motion to Reinstate Appellate Rights *Nunc Pro Tunc* and to Remove Defendant from the Registration and Reporting Requirements of SORNA, which the PCRA court properly treated as a PCRA Petition. **See** 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose."). Because Hudson would not be required to comply with SORNA until his release from prison in May 2017, the PCRA court granted successive continuances on the issue until it was ripe for review upon Hudson's release.

registration requirements—pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S. Ct. 925 (2018)?"  Brief for Appellant at 1.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Before reaching the merits of Hudson's appeal, we must first address whether Hudson has satisfied the timeliness requirements of the PCRA. Section 9545 of the PCRA expressly states that a PCRA petition "shall be filed within one year of the date the judgment becomes final."  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence becomes final at the conclusion of direct review, including discretionary review, or at the expiration of time for seeking the review.  **Id.** §9545(b)(3).  "Our courts have strictly interpreted this requirement as creating a jurisdictional deadline."  **Commonwealth v. Jackson**, 30 A.3d 516, 522 (Pa. Super. 2011).  A court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Hudson's judgment of sentence became final on May 17, 2009.  Under the PCRA, Hudson had until May 17, 2010, to file a timely PCRA Petition. Hudson filed the instant Petition on May 24, 2015.  Thus, Hudson's Petition is facially untimely.  However, Pennsylvania courts may consider petitions filed

beyond the one-year deadline if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking such an exception must be filed within 60 days[6] of the date the claim could have been presented. *Id.* § 9545(b)(2).

Hudson attempts to invoke the "newly-recognized constitutional right" timeliness exception found at Section 9545(b)(1)(iii). As previously explained in *Commonwealth v. Murphy*, 180 A.3d 402, 405 (Pa. Super. 2018), our Supreme Court has held that

> [S]ubsection (iii) of Section 9545[(b)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Id.* (citation omitted).

---

[6] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3 (hereinafter "Act 146"). In the instant case, the one-year time limit of Act 146 does not apply to Hudson's Petition, as he filed it prior to December 24, 2017.

In order to avail himself of the timeliness exception found at Section 9545(b)(1)(iii), Hudson would need to demonstrate that the Pennsylvania *Supreme* Court has held that its ruling in *Muniz* applies retroactively.[7] Because our Supreme Court has not issued such a ruling, Hudson's reliance on *Muniz* cannot satisfy the "newly-recognized constitutional right" exception at Section 9545(b)(1)(iii). Accordingly, we affirm the PCRA court's Order dismissing Hudson's Petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2019

---

[7] After *Muniz*, this Court, in *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017), held that "*Muniz* created a substantive rule that retroactively applies in the collateral context."