J-S32005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ARTHUR JAMES WRIGHT :
:
Appellant : No. 93 WDA 2021

Appeal from the PCRA Order Entered December 16, 2020
In the Court of Common Pleas of Warren County Criminal Division at
No(s):  CP-62-CR-0000291-2018

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED:  November 5, 2021**

Arthur James Wright appeals from the trial court's order dismissing his "Petition to Seize/Stay and/or Abey [sic]; Court Cost(s)[,] Fine(s)[,] and Restitution Due to Court's Failure to Determine Ability to Pay Pursuant to 42 Pa.C.S.A. § 9726(c)," which was treated as a timely petition filed pursuant to the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On June 3, 2019,[1] Wright entered an open guilty plea to possession with intent to deliver[2] (PWID) and criminal use of a communication facility[3] in connection with cellular phone calls he made to a confidential informant (CI), from April 2018 to July 2018, regarding the intent to sell methamphetamine to the CI.[4]  Prior to accepting Wright's plea, the court advised Wright that the offenses with which he had been charged carried the following maximum penalties:  ten years of incarceration and a $100,000 fine for PWID and seven years of incarceration and $15,000 fine for criminal use of a communication facility.  N.T. Guilty Plea Hearing, 6/3/19, at 13-14.

On July 26, 2019, the trial court sentenced Wright.  Prior to imposing sentence, the court asked defense counsel if she had reviewed Wright's pre-sentence investigation report (PSI) with Wright, to which counsel stated, "I have," but noted that one correction needed to be made to the PSI regarding the calculation of Wright's time served.  N.T.  Sentencing Hearing, 7/26/19,

---

[1] Wright pled guilty to PWID and criminal use of a communication facility on October 25, 2018.  Subsequently, Wright filed a motion to withdraw his plea, which the court granted on December 7, 2018.  However, on June 3, 2019, Wright decided to enter another open guilty plea to the same counts previously pled to in October 2018.

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 7512(a).

[4] When he was arrested, Wright was in possession of 26.2 grams of methamphetamine.

at 5. When opposing counsel expressed no objection to the amendment, the

court proceeded with sentencing, stating the following on the record:

> For your sentencing, I am taking into account your comments and your attorney's comments. **I have reviewed** [] **probation**['s **PSI**] and [the] criminal complaint affidavit of probable cause, [and] reviewed the letter from Family Services regarding their evaluation. I did review letters[.] You sent one to Judge Skerda previously and one to myself. I have read both of those letters as well and reviewed the report from Warren County Jail.

>                            \*      \*      \*

> At Count 5, possession with intent to deliver, you are sentenced as follows:

> > You will stand committed to the state correctional institution[,] for a minimum period of 46 months to a maximum period of 92 months[.] with credit for time served of 389 days.

> > You are not boot camp or RRRI eligible.

> > **You will pay the cost[s] of prosecution.**

> > You will pay a central booking fee of $125.

> > **You will pay a fine of $1[,]000.**

> > You will pay an administrative fee of $250 to probation.

> > This offense is a felony, so you will undergo DNA testing and pay the testing fee of $250.

> > **You will pay the cost of $100 under Act 198 of 2005.**

> > You will undergo a comprehensive drug and alcohol evaluation while incarcerated and complete all recommendations for treatment.

> > At Count 6, criminal use of a communication facility, you are sentenced as follows:

> > > You will stand committed to the state correctional institution for a minimum period of 30 months to a maximum period of

60 months. That will run consecutive[ly] to the sentence imposed at Count 5.

Again, you are not boot camp or RRRI eligible.

**You will pay a fine of $1[,]000.**

So[,] your aggregate period of incarceration in a state correctional institution is for a minimum period of 76 months to a maximum period of 152 months with 389 days['] credit for time served.

N.T. Sentencing Hearing, 7/26/19, at 10-11 (emphasis added).

Wright filed no post-sentence motions or direct appeal. On April 9, 2020, Wright filed a *pro se* "Petition to Seize/Stay and/or Abey [sic]; Court Cost(s) Fine(s) and Restitution Due to Court's Failure to Determine Ability to Pay Pursuant to [42 Pa.C.S.A. § 9726(c)]." In his *pro se* petition, Wright alleged that the court abused its discretion when it failed to hold a hearing to determine his ability to pay before imposing court costs and fees, including mandatory Act 84 deductions from his inmate account. *Pro Se* Petition, 4/9/20, at 1-2. Wright sought the following relief: "an ability[-]to[-]pay hearing or[,] in the alternative[,] seize, stay or vacate [his] costs, fines[,] and restitution[5] until he is released from incarceration and gainfully employed." *Id.* at 4. The court treated the petition as though it were filed under the PCRA[6] and appointed counsel to represent Wright; PCRA counsel filed an

---

[5] Wright was never sentenced to pay restitution.

[6] Any petition filed after the judgment of sentence has become final will be treated as a petition for relief filed pursuant to the PCRA. ***See Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2010).

amended petition and requested an evidentiary hearing on Wright's behalf. The amended petition included the issue that sentencing counsel was ineffective for failing to request a hearing on Wright's ability to pay the fines and costs prior to their imposition. Amended PCRA Petition, 7/8/20, at ¶ 8.

On December 15, 2020, the court held argument[7] on whether Wright should have had a hearing to determine his ability to pay the fines and costs associated with his sentence. Wright, who was incarcerated at the time, participated via videoconference. At the hearing, PCRA counsel argued that there was nothing in the record at the time of sentencing indicating that Wright was able to pay the fines and costs, contrary to the dictates of 42 Pa.C.S.A. §§ 9726(c)(1) and (d). N.T. Argument, 12/15/20, at 5. The District Attorney argued that since the fines were minimal, compared to what could have been legally imposed, "the [c]ourt was entitled to sentence as [it] did without a hearing" under **Commonwealth v. Ford**, 217 A.3d 824 (Pa. 2019). N.T. Argument, 12/15/20, at 6. Ultimately, the court determined that under **Ford**, **supra**, it is "clear [that] there is no requirement for a . . . pre-sentence ability[-]to[-]pay hearing[, but w]hat **Ford** indicates, and 42 Pa.C.S.[A. §] 9726(c) [says,] is that the record has to support the [c]ourt's imposition of fines and costs." N.T. Argument, 12/15/20, at 6-7.

_____

[7] The court determined that "there is no need for a hearing if there is record support for the [c]ourt's imposition of fines and costs. So, I think we will start . . . by any argument [counsel] would like to make on whether or not the record at sentencing supported this [c]ourt's imposition of the two, $1,000 fines on [] Wright." N.T. Argument, 12/15/20, at 4-5.

Ultimately, the court denied Wright's petition and, consequently, found counsel was not ineffective, concluding that "the record supported a finding that upon his release from [s]tate prison in six to twelve years, [] Wright will be able to pay the fines," *id.* at 9, and that "the record in front of me at sentencing [showed that Wright] was a gentleman [who] had a professional license, had numerous occupations for years at a time, and [] some of these post-dated prior incarcerations as well[, s]o it would appear to me that even when he is released from jail or prison, he has demonstrated an ability to earn income." *Id.* at 10. With regard to costs, the court noted that they are treated differently than fines "because costs aren't part of a sentence [and] the court is mandated to impose costs." *Id.* at 11. Again, the court noted that "there is no need for an ability[-]to[-]pay hearing[,]" but "[c]ertainly, with both fines and costs," Wright would be entitled to a hearing with respect to his ability to pay before he could be incarcerated for failing to pay them. *Id.*

Wright filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following issues for our consideration:

> (1)  Did the trial court err in declining to find that [Wright's] fines and costs were improperly imposed without a hearing on ability to pay?
>
> (2)  Did the trial court err in declining to find that trial counsel was ineffective in failing to file for such a hearing?

Appellant's Brief, at 4.

A claim that the trial court imposed non-mandatory fines without conducting an ability-to-pay hearing constitutes a nonwaivable challenge to the legality of the sentence. *Ford*, *supra* at 831. "Challenges to the legality of a sentence—even a sentence resulting from a [] guilty plea—are cognizable under the PCRA." *Id.* (citations omitted). Moreover, the standard of review on appeal from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011).

In the instant case, Wright's fines were imposed pursuant to section 9726 of the Sentencing Code, which provides, in relevant part:

> **(b) *Fine as additional sentence*.**—The court may sentence the defendant to pay a fine in addition to another sentence, either involving total or partial confinement or probation, when:
>
>> (1) the defendant has derived a pecuniary gain from the crime; or
>>
>> (2) the court is of the opinion that a fine is specifically adapted to deterrence of the crime involved or to the correction of the defendant.
>
> **(c) *Exception*.—The court shall not sentence a defendant to pay a fine unless it appears of record that**:
>
>> (1) the **defendant is or will be able to pay the fine**; and
>>
>> (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime.
>
> **(d) *Financial resources*.**—In determining the amount and method of payment of a fine, **the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose.**

42 Pa.C.S.A. §§ 9726(b)-(d).

In **Ford**, **supra**, our Supreme Court held that section 9726(c) requires record evidence of a defendant's ability to pay a fine, and that a defendant's mere agreement to pay a specific fine, in the context of a negotiated guilty plea, did not satisfy the statutory requirement. **Ford**, 217 A.3d at 825, 829. There, the guilty plea judge failed to specifically inquire into the defendant's ability to pay a total fine of $2,700 imposed in conjunction with DUI, driving with a suspended license, PWID, and drug possession charges. **Id.** at 826. Recognizing that "a sentence is illegal when the record is silent as to the defendant's ability to pay the fine imposed," **id.** at 828, the Court held that "as a best practice, trial courts should simply consider whether the defendant is or will be able to pay any negotiated fines before accepting the parties' plea agreement." **Id.** at 831.

At argument on Wright's petition, the trial court specifically stated that, prior to sentencing Wright in 2019, it considered a PSI from probation, which included Wright's detailed employment history. That history indicated that Wright: worked as a barber from 2010-2012 and in 2018; obtained his barber's license; opened up or worked for barber shops; worked for an upholstery business from 2014-2016; worked as a scale clerk in 2014; worked as a janitor from 2012-2014; worked at a gas station from 2015-2016; and worked as a customer service representative from 2009-2010. N.T. Argument, 12/15/20, at 7-9. The PCRA court concluded that "the record clearly supported that [Wright] will have the ability to pay his fines when he

gets out [of jail as he has] demonstrated an ability to earn income." ***Id.*** at 10-11.

In sum, neither ***Ford***, the Rules of Criminal Procedure, nor the Sentencing Code require a trial court to hold an ability-to-pay hearing prior to imposing non-mandatory fines at sentencing. A sentencing court, however, is required to make sure that a defendant is or will be able to pay fines prior to imposing them. In order to fulfill that obligation, the court must ensure that there is record evidence of the defendant's ability to pay. Without such evidence, the court does not have the authority to impose the fines, and any resulting sentence is illegal. ***Ford***, ***supra***.

Having considered Wright's employment history and employability post-release, we find that the trial court technically complied with the language in section 9726(c) and the holding in ***Ford***, ***supra***, before it imposed the instant fines. Even though Wright may have a child to support and may only be qualified to hold low-income jobs following his release, the court acknowledged that the fines imposed are relatively minimal and can be paid over the course of time. N.T. Argument, 12/15/20, at 9-10 ("The cases also make it clear that [it] doesn't mean it will all be able to be paid at one time or that it doesn't impose some financial pinch upon a [d]efendant. But, rather, it's appropriate that they pay a monthly [amount] towards those fines once they are out and earning money."). By ensuring that there was record evidence of Wright's ability to pay the non-mandatory fines, the court's

determination is free of legal error, **Ousley**, **supra**, and its sentence was not illegal. **Ford**, **supra**;[8] 42 Pa.C.S.A. § 9726(c).

Wright also contends that the court was required to conduct an ability-to-pay hearing prior to imposing court costs at sentencing. However, he fails to include any discussion regarding costs in the argument section of his brief. Thus, we find the issue waived.[9] **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the

---

[8] Wright points out that the **Ford** Court states a PSI "detailing a defendant's assets and income" could satisfy the non-testimonial evidence required under section 9726(c), and that here, Wright's PSI did not have such detailed information regarding his assets and income. Appellant's Brief, at 10, citing **Ford**, **supra** at 831 n.14. Thus, Wright claims the court did not conduct a "thorough" investigation into his ability to pay. Appellant's Brief, at 10. We first note that footnotes are not binding precedent. Second, in **Ford**, the Court, itself, stated that "no such evidence exist[ed] in this case." **Id.** Thus, that statement is merely *dicta*. Finally, we find that the information contained in Wright's PSI was sufficient to inform the court regarding whether he "is or will be able to pay the fine." 42 Pa.C.S.A. § 9726(c).

[9] Even if we did not find this issue waived, we would still affirm the trial court's denial of PCRA relief with regard to Wright's cost issue. Recently, in **Commonwealth v. Lopez**, 248 A.3d 589 (Pa. Super. 2021) (en banc), *appeal granted*, 178 EAL 2021 (Pa. filed Aug. 24, 2021), our full court held that nothing in the Rules of Criminal Procedure, the Sentencing Code, or case law requires a trial court to hold an ability-to-pay hearing prior to imposing mandatory court costs upon a defendant. **Id.** at 595. The Court concluded that although the trial court had the *discretion* to consider the defendant's ability to pay at sentencing, if the defendant had not yet been threatened with incarceration as a result of a default, it was not required to hold a hearing under Pa.R.Crim.P. 706. **Id.** at 595-96. Thus, pursuant to **Lopez**, the trial court was not required to hold an ability-to-pay hearing before imposing mandatory court costs where Wright had not been threatened with incarceration as a result of any default in payment.

- 10 -

issue in any other meaningful fashion capable of review, that claim is waived."); Pa.R.A.P. 2119(a).

Having concluded that Wright's issues have no merit, he cannot succeed on his ineffectiveness claims. *See Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010) (to succeed on ineffectiveness claim, petitioner must prove, among other things, that underlying claim is of arguable merit).

Order affirmed.[10]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/5/2021

---

[10] We point out to the PCRA court that it incorrectly finds that Wright "has no right, having waived challenges to the imposition of fines and costs at sentencing, or direct appeal, to assert that claim [in a] PCRA [petition] or ask for a hearing on his ability to pay fines and costs a year and a half after his sentencing proceeding."  Trial Court Opinion, 2/5/21, at 12.  *Ford* clearly indicated that the issue regarding whether a trial court lacked the authority to impose non-mandatory fines, absent record evidence, is a non-waivable legality-of-sentence issue.  217 A.3d at 831.